### CITY OF DAWSON *v.* DAWSON TELEPHONE COMPANY.

HOLDEN, J. 1. The Dawson Telephone Company made application to the mayor and council of the City of Dawson to grant it "a franchise in and over the streets and alleys, sidewalks, and property of the City of Dawson, on such terms as you may think wise, for the purpose of erecting, operating, owning, and controlling a telephone system in the City of Dawson." Upon such application the mayor and council passed an ordinance, on October 6, 1908, granting such franchise, section 3 of which ordinance is as follows: "Said company shall at all times be subject to the city ordinances now in existence, such as may be hereafter passed, and to such rules and regulations touching telephone companies, their rates, and affairs as may be hereafter ordained, which are just and reasonable. The said company further agrees and binds itself by this ordinance that the rates charged shall be $1.50 per month for residence phones and $2.50 per month for business phones. The said company further agrees, that in consideration of the privileges herein granted, that it will furnish free phone service to the City of Dawson for its several departments." And section 5 is as follows: "This ordinance shall become operative from the date of its acceptance, in writing, by the company aforesaid." The company signed a writing, directed to the city council, wherein it was recited that the company accepted the franchise granted to it by the council "under date of October 6, 1908." The company began business under such franchise and charged the rates named in the ordinance. Upon application of the company to the railroad commission to allow it to increase its charges for telephone service, the commission, on January 5, 1911, after hearing had upon the application, passed an order permitting the company to charge for residence telephones $2 per month and for business telephones $3.50 per month,

and the company thereafter increased its rates accordingly. The city filed an application to enjoin the company from charging the rates permitted by the order of the commission; and to the order of the court refusing the injunction the city excepted. *Held*, that the railroad commission of this State has the right to fix the rates to be charged by telephone companies for the use of their telephones in sending and receiving messages within the State. Civil Code (1910), §§ 2662, 2663.

(*a*) The granting of a franchise to a telephone company by an ordinance passed by the municipal authorities of a city, wherein it is provided that the company "agrees and binds itself by this ordinance that the rates charged shall be $1.50 per month for residence phones and $2.50 per month for business phones," and an acceptance of such franchise by the company, does not prevent the telephone company from increasing such charges, if permission to do so is subsequently granted it by the railroad commission; especially as it appears that the city was not specifically authorized by its charter, or other legislative enactment, to fix the charges to be made by telephone companies. Home Telephone & Telegraph Co. v. City of Los Angeles, 211 U. S. 265 (29 Sup. Ct. 50, 53 L. ed. 176).

2. The order of the railroad commission does not violate the provisions of the State and Federal constitutions, prohibiting the impairment of the obligations of contracts.

  *Judgment affirmed. Beck, J., absent. The other Justices concur.*
      OCTOBER 28, 1911.

Petition for injunction. Before Judge Worrill. Terrell superior court. May 20, 1911.

*T. T. Miller* and *L. C. Hoyle,* for plaintiff.

*H. A. Wilkinson* and *M. C. Edwards,* for defendant.