7044.   WIGHT, executor, *v.* PELHAM & HAVANA RAILROAD Co.

BROYLES, J.   Shippers and common carriers can not by contract between themselves fix the rates to be charged on shipments of freight. The power and authority of regulating freight tariffs is, by the constitution of this State, conferred upon the General Assembly, and by it vested in the railroad commission (Civil Code, § 6463), which has exclusive power to make rates and to determine what are just and reasonable rates (Civil Code, §§ 2630, 2631, 2632, 2668); and discrimination in freight rates in favor of any one is made a misdemeanor. Penal Code, §§ 527, 730, 731, 733.

(*a*) In the first fifteen paragraphs of his petition the plaintiff seeks to recover for the breach of an alleged contract with the defendant company, fixing a freight rate. In paragraph 16 he seeks to recover for damage to his land, occasioned by the construction of the railroad through his premises. A cause of action arising ex contractu and a cause of action arising ex delicto can not be joined in the same suit. *Wolff* v. *Southern Ry. Co.*, 130 *Ga.* 251 (60 S. E. 569).

(*b*) The plaintiff's petition, construed most strongly against the pleader, plainly shows that his alleged cause of action is based upon the breach of an illegal, and therefore unenforceable, contract; and the court did not err in sustaining the general demurrer and dismissing the petition. See *Central of Georgia Ry. Co.* v. *Willingham*, 8 *Ga. App.* 817, 819 (70 S. E. 199); *Union Dry Goods Co.* v. *Georgia Public Service Corp.*, 142 *Ga.* 841 (83 S. E. 946); *City of Dawson* v. *Dawson Tel. Co.*, 137 *Ga.* 62 (72 S. E. 508).                    *Judgment affirmed.*
                    DECIDED MAY 30, 1916.     .

Action for damages; from city court of Cairo—Judge Willie. October 14, 1915.

*M. L. Ledford, Roscoe Luke,* for plaintiff.

*Hardeman, Jones, Park & Johnston, Bell & Weathers, Harry S. Strozier,* for defendant.