# CITY OF ENGLEWOOD *v.* DENVER & SOUTH PLATTE RAILWAY COMPANY.

### ERROR TO THE SUPREME COURT OF THE STATE OF COLORADO.

No. 106.    Submitted December 19, 1918.—Decided January 7, 1919.

An ordinance provision respecting the service to be rendered by a street car company (in this case respecting the transfer privileges to be accorded passengers,) will not be adjudged to have created a contract obligation beyond legislative control if the power of the municipality under the state law, and its intention, to create such an obligation do not clearly appear.

Writ of error to review 62 Colorado, 229, dismissed.

THE case is stated in the opinion.

*Mr. L. F. Twitchell* for plaintiff in error. *Mr. S. D. Crump* and *Mr. H. C. Allen* were also on the brief:

The Act of 1913, known as the Public Utilities Act, if given the construction placed upon it by the majority of the state court, is a violation of the constitutional inhibition against impairing the obligation of contracts. *Atlantic Coast Elec. Ry. Co.* v. *Public Utility Commrs.*, 89 N. J. L. 407, 413; *Reed* v. *Trenton*, 80 N. J. Eq. 503–506; *Detroit* v. *Detroit United Railway*, 173 Michigan, 314; *Peoria Ry. Co.* v. *Peoria Ry. Terminal Co.*, 252 Illinois, 73; *Southern Bell Telephone Co.* v. *Mobile*, 162 Fed. Rep. 532; *Walla Walla* v. *Walla Walla Water Co.*, 172 U. S. 1; *North Wildwood* v. *Public Utility Commrs.*, 88 N. J. L. 81; *Minneapolis* v. *Minneapolis Street Ry. Co.*, 215 U. S. 417; *Monett Electric Light Co.* v. *Monett*, 186 Fed. Rep. 364; *Detroit* v. *Detroit Citizens' Street Ry. Co.*, 184 U. S. 368; *Shreveport Traction Co.* v. *Shreveport*, 122 Louisiana, 1; *Omaha Water Co.* v. *Omaha*, 147 Fed. Rep. 1; *Owensboro* v. *Cumberland Telephone Co.*, 230 U. S. 58; *Cleveland* v. *Cleveland City Ry. Co.*, 194 U. S. 536.

*Mr. Fred Farrar* for defendant in error:

A federal question cannot be raised for the first time in a petition for a rehearing in the state court unless in the consideration of that petition that court rules upon the federal question in denying the application. *McCorquodale* v. *Texas*, 211 U. S. 432.

The case is controlled by a long line of decisions, both state and federal, which recognize the distinction between cases in which the municipality has been granted the power to enter into irrevocable contracts with utility companies, and those in which the municipality either had no direct authority to enter into such a contract, or, having the power to contract, the contract was subject to revocation whenever the latent power of the State was called into action and the supervision of rates and fares undertaken. *Milwaukee &c. Co.* v. *R. R. Commission of Wisconsin*, 238 U. S. 174; *Home Telephone Co.* v. *Los Angeles*, 211 U. S. 265, 273; *Wyndotte County Gas Co.* v. *Kansas,* 231 U. S. 622; *Puget Sound Traction Co.* v. *Reynolds*, 244 U. S. 574; *Benwood* v. *Public Service Comm.*, 75 W. Va. 127; *State ex rel. Webster* v. *Superior Court,* 67 Washington, 37; *Manitowoc* v. *Manitowoc & Northern Traction Co.*, 145 Wisconsin, 13; *Minneapolis, St. Paul &c. R. R. Co.* v. *Menasha Wooden Ware Co.*, 159 Wisconsin, 130; *Woodburn* v. *Public Service Comm.*, 82 Oregon, 114; *Seattle Electric Co.* v. *Seattle*, 206 Fed. Rep. 955; *California-Oregon Power Co.* v. *City of Grants Pass*, 203 Fed. Rep. 173.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill to compel the defendant to arrange for passengers on its road to be transported without extra fare over the line of the Denver City Tramway Company from a point of connection and in like manner for

passengers on that company's line to be carried over the
defendant's line without additional charge.   The de-
fendant operates a street railway under a franchise granted
by the plaintiff while a town.   By § 6 of the ordinance
making the grant the grantees were allowed to charge
certain fares provided that they should make the arrange-
ment stated above.   The defence pleaded against being
required to comply with these terms is that the Denver
City Tramway Company charges five cents, the maximum
fare allowed, for its part of the service, so that the de-
fendant gets nothing, and that the defendant filed a
schedule of rates with the State Public Utilities Commis-
sion which now are the defendant's established rates and
charges.   On demurrer the Supreme Court of the State
held that this town, at least, deriving its powers from legis-
lative grant, could make no contract of this sort that was
not subject to control by the legislature, that the Public
Utilities Commission had been authorized by the legisla-
ture to regulate the matter in controversy, that it had
done so, and that this proceeding should be dismissed.

Of course we do not go behind the decision of the Court
that the matter in controversy was subject to regulation
by the Commission and was regulated by it in due form
if the State could confer that power.   The plaintiff says
that the State could not confer it since to do so would
impair the obligation of a contract.   Upon that point we
agree with the Court below that clearer language than
can be found in the state laws and this ordinance must be
used before a public service is withdrawn from public
control. *Milwaukee Electric Ry. & Light Co.* v. *Railroad
Commission of Wisconsin,* 238 U. S. 174, 180.   The cases
generally are cases where the railroad or other company
sets up contract rights against the city.   Whether when
the railroad consents a legislature would not have all the
power that the city could have to modify even a con-
stitutionally protected contract need not be considered

here. If we deal with the present case on the merits there seems to be no sufficient reason why the writ of error should not be dismissed. It is giving the plaintiff the benefit of a very great doubt if we assume that the question on the merits was saved.

*Writ of error dismissed.*