# Schaper, Appellant, *v.* Cleveland & Erie Railway Company.

*Railroads—Rates—Change of rates—Contract—Government supervision—Right of way—Specific performance—Equity.*

A contract between a railway company and a landowner, by which the latter grants to the former a right-of-way, in consideration of receiving round-trip tickets and books of tickets at certain rates, is subject to the power of the State to change the rates in the future, in the exercise of the governmental authority; and such contract cannot be specifically enforced by the landowner.

Argued April 28, 1919. Appeal, No. 128, Jan. T., 1917, by plaintiff, from decree of C. P. Erie Co., Sept. T., 1916, No. 5, dismissing bill in equity in case of A. H. Schaper, on behalf of himself and Mary Schaper, his wife, v. Cleveland & Erie Ry. Co. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Appeal dismissed.

Bill in equity to enforce performance of a written contract.

The court dismissed the bill. Plaintiff appealed.

*Error assigned* was decree dismissing the bill.

*J. O. Wait,* of *Reed, Wait & Spofford,* with him *T. A. Lamb,* for appellant.

*W. Pitt Gifford,* of *Gunnison, Fish, Gifford & Chapin,* for appellee.

PER CURIAM, May 21, 1919:

On August 23, 1902, the appellant, who, with his wife, then owned a farm in Erie County, granted a right-of-way across it to the Conneaut & Erie Traction Company, the appellee's predecessor in title. The railway extended from the City of Erie westwardly to the City of Conneaut, in the State of Ohio. In consideration of the grant the street railway company agreed, for itself, its successors and assigns, to sell round-trip tickets and books of tickets at certain rates, which were observed by the appellee until June 5, 1916, when, under schedules filed by it with the Interstate Commerce Commission, the Public Service Commission of Pennsylvania and the Public Utilities Commission of Ohio, new rates or charges for round trip tickets and ticket books became operative. The appellant subsequently filed this bill for the specific performance by the appellee of the contract of the Conneaut & Erie Traction Company, its predecessor in title, to sell tickets at the rates fixed by the agreement of 1902, granting the right-of-way to the original company.

The contract which the appellant would specifically enforce was valid when made, but the parties to it entered into it subject to the power of the State to change the rates in the future, in the exercise of its governmental authority: Vide Louisville & Nashville R. R. Co. v. Mottley, 219 U. S. 467, and cases there cited.

Appeal dismissed at the costs of the appellant.