NOVEMBER TERM, 1920.  105

City of Washington *v.* Public Service Commission.—190 Ind. 105.

## CITY OF WASHINGTON *v.* PUBLIC SERVICE COMMISSION ET AL.

### [No. 23,719.   Filed January 13, 1921.]

1. WATERS AND WATERCOURSES.—*Rates.—Order of Public Service Commission.—Conflicting Evidence.*—In an action in the circuit court to vacate an order of the Public Service Commission increasing water rates, where the evidence was conflicting upon the allegation that the order was unjust, oppressive and discriminatory, the Supreme Court will not disturb the finding of the trial court because of insufficiency of the evidence on such issue.  p. 108.

2. WATERS AND WATERCOURSES.—*Rates.—Power of City to Contract.*—The grant of power to a municipality, under §§3106, 3131 R. S. 1881, to authorize the construction of water works and to consent to the use of the city streets by a public utility company does not include power to make a binding contract with such a company, fixing rates to be charged for a term of years.  pp. 108, 111.

3. CONSTITUTIONAL LAW.—*Increase by Public Service Commission of Water Rates Paid by City.—Contracts.—Impairment.*—An order by the Public Service Commission authorizing an increase of hydrant rates to be paid by a city to a water company on the company's surrender of its franchise and acceptance of an indeterminate permit, under §10052a *et seq.* Burns 1914, Acts 1913 p. 167, was not an impairment of contractual obligations in the franchise formerly granted the water company, which fixed rates to be paid by the city, since the franchise contract was subject to the police power of the state to regulate the rates of public utility companies.  pp. 109, 111.

From Knox Circuit Court; *Thomas B. Coulter,* Judge.

Action by the city of Washington, Indiana, against the Public Service Commission and others.  From a judgment for the defendants, the plaintiff appeals.  *Affirmed.*

*Ezra Mattingly, Stephen E. Myers, W. R. Gardiner, C. K. Tharp, C. G. Gardiner* and *Woodson Tharp,* for appellant.

*Ele Stansbury,* Attorney-General, *M. S. Hastings, J. G. Allen, E. E. Hastings* and *A. W. Allen,* for appellee.

EWBANK, J.—The appellant city brought this action in the circuit court, seeking to set aside and vacate an order of the Public Service Commission of Indiana commanding the appellant city to pay an increased rental for each hydrant from which to draw water for use in extinguishing fires, and seeking to mandate the appellee Washington Water, Light and Power Company to furnish water to the city at the rates stipulated in an ordinance under which the predecessors of said company had been given the right to lay water mains in the streets of said city.

The complaint alleged that on June 26, 1888, the appellant city enacted an ordinance conferring upon certain individuals and their assigns the privilege to build and maintain a system of water works within the city of Washington, by which the city agreed to use the water from ninety hydrants, to be located at points selected by the city, exclusively for the purpose of extinguishing fires, and to pay as rental the sum of $3,000 per year for such hydrants, during a term of twenty-five years, with the further provision that if the city should fail to purchase the water works at the expiration of said term, the contract should continue in force during another twenty-five years. The ordinance also fixed the rates at which water should be furnished to the general public, which rates were not increased by the order sought to be vacated, but the appellant concedes that the state has power to increase those rates, and has expressly waived all questions which might arise as to any increase of charges to consumers other than the city, by action of the Public Service Commission. The complaint alleged that after the ordinance was enacted, the Washington Water Company was incorporated, and all the rights of said individuals were duly assigned to said company, and that on July 10, 1888, it duly accepted the terms of said ordinance in

writing, and proceeded to construct and equip a system of waterworks, which was thereafter accepted as completed by a resolution of the common council of appellant city, and that thereafter, in 1908, the appellee water company duly succeeded to all of the rights and duties of said Washington Water Company under said ordinance and franchise contract; that in 1917 said appellee company executed a surrender of its franchise, pursuant to the terms of the act concerning public utilities (Acts 1913 p. 157, §10052a *et seq.* Burns 1914), and received from the appellee Public Service Commission of Indiana a "so-called indeterminate permit," and thereafter the Public Service Commission of Indiana, at the request of the company, issued a pretended order which increased the rental charge for each hydrant from $33.33 to $55 per year. In addition to these facts the complaint further stated the legal conclusion that the order is void, in that it has the effect of impairing the obligation of a contract, in violation of certain provisions of the Constitution of the State of Indiana and of the United States, and because it was alleged to be unjust, oppressive and discriminatory, in that by reason of other alleged facts it fixed a higher rate than the water company earns or the service is worth. The appellees filed an answer of general denial, and on the issue thus formed the cause was submitted for trial, and upon evidence which proved said alleged facts as to the passage and acceptance of the ordinance franchise, together with other facts, the court found for the defendants, and rendered a judgment ratifying, confirming and approving the action of the Public Service Commission by which it increased the hydrant rentals, and adjudging that the appellant should pay the costs.

The only error that is properly assigned is that the trial court erred in overruling appellant's motion for

108    SUPREME COURT OF INDIANA,

City of Washington *v.* Public Service Commission.—190 Ind. 105.

a new trial, on the alleged grounds that the decision is not sustained by sufficient evidence, and is contrary to law.

It is first urged that the evidence proves the order of the Public Service Commission to have been unjust, oppressive and discriminatory, as was alleged in 1. the complaint. There was evidence from which the court might find that the order was not open to this objection, if it was within the power of the Public Service Commission to make it, although there was also evidence to the contrary. Under that state of the evidence this court will accept the decision of the trial court as correct, so far as it depends upon the weight of the evidence.

The only other question presented by the propositions or points in appellant's brief, and the argument which follows them, is the question whether the order increasing the rate to be paid by the city for hydrants was void, as impairing the obligation of a contract in violation of the Constitutions of the United States and of the State of Indiana.

As stated in appellant's brief, the statutory power under which the franchise ordinance was enacted was expressed in two sections of the statutes then in 2. force, as follows: "The common council shall have power to enforce ordinances: To construct and establish works for furnishing the city with wholesome water. * * * The Common Council may authorize any incorporated company or association to construct such works." §3106 R. S. 1881, cl. 26, Acts 1873 p. 50. "The common council shall have exclusive power over the streets, highways, alleys and bridges, within such city." §3161 R. S. 1881, Acts 1867 p. 33, §61. Companies "to supply any city or village with water" were authorized to be incorporated under the general law for incorporating manufacturing and min-

ing companies. §3851 *et seq.* R. S. 1881, Acts 1875 p. 106. And there was nothing whatever in the statutes in force at that time which suggested a purpose on the part of the legislature expressly to authorize the city to enter into a binding contract fixing the price at which a water company, that it might "authorize * * * to construct water works," should furnish water to the city. So that this case is not controlled by those decisions by which it has been held that the state was bound by the contract of a municipal corporation, where it had expressly authorized the municipality to make a contract which fixed rates to be charged for a public service during a term of years; but it is controlled, so far as the question of rate making is concerned, by the many cases which have held that a mere grant of power to consent that a public utility company shall use the city streets does not include power to make a contract that such company shall be exempt from further regulation of its charges, or any of them. *Winfield* v. *Public Service Comm.* (1918), 187 Ind. 53, 61, 118 N. E. 531; *Home Tel., etc., Co.* v. *Los Angeles* (1908), 211 U. S. 265, 29 Sup. Ct. 50, 53 L. Ed. 176; *Milwaukee Elec. R., etc., Co.* v. *Railroad Comm.* (1915), 238 U. S. 174, 35 Sup. Ct. 820, 59 L. Ed. 1254.

Counsel for appellant assert that the stipulation in the ordinance, accepted by the water company, fixing the rental to be paid by the city for hydrants,

3. does not involve any question of rate making, but was merely a private contract between two corporations which had the power to enter into such a contract, and that any action on the part of the state by which the water company is relieved from its obligation to furnish water for city purposes at the agreed rate, or by which the city is required to pay more than the agreed rate, impairs the obligation of a contract, in violation of §24, Art. 1, of the Constitution of the

State of Indiana, and of §10, Art. 1, and the XIVth amendment of the Constitution of the United States. The rule that a contract by a city, or by a private corporation or individual, fixing the rate at which a public utility company shall perform a service to such contracting party, for a period of years, cannot deprive the legislative authority of power to prescribe and enforce the payment of a higher rate of charge for such service within the period covered by the contract, where the state has in no way surrendered that right, has been declared so often in this and other jurisdictions that we shall content ourselves with citing a few of the decisions. *Central Union Tel. Co.* v. *Indianapolis Tel. Co.* (1920), 189 Ind. 210, 126 N. E. 628, (point 17); *Greensburg Water Co.* v. *Lewis* (1920), 189 Ind. 439, 128 N. E. 103, 106 (point 5); *Public Service Comm.* v. *Girton* (1920), 189 Ind. 627, 128 N. E. 690; *City of Woodburn* v. *Public Service Comm.* (1916), 82 Ore. 114, 161 Pac. 391, L. R. A. 1917C 98, Ann. Cas. 1917E 996; *Sandpoint Water, etc., Co.* v. *Sandpoint* (1918), 31 Idaho 498, 173 Pac. 972, L. R. A. 1918F 1106; *Suburban Water Co.* v. *Oakmont Borough* (1920), 268 Pa. 243, 110 Atl. 778; *Hillsboro* v. *Public Service Comm.* (1920), 97 Ore. 320, 187 Pac. 617, 192 Pac. 390; *In re Guilford Water Co.* (1919), 118 Me. 367, 108 Atl. 446; *Yeatman* v. *Towers* (1915), 126 Md. 513, 95 Atl. 158; *City of Dawson* v. *Dawson Tel. Co.* (1911), 137 Ga. 62, 72 S. E. 508; *Iowa R., etc., Co.* v. *Jones Auto Co.* (1918), 182 Iowa 982, 164 N. W. 780; *Portland* v. *Public Service Comm.* (1918), 89 Ore. 325, 173 Pac. 1178; *City of Englewood* v. *Denver, etc., R. Co.* (1919), 248 U. S. 294, 39 Sup. Ct. 100, 63 L. Ed. 253; *Union Dry Goods Co.* v. *Georgia Public Service Corp.* (1914), 142 Ga. 841, 83 S. E. 946, L. R. A. 1916E 358; *Schaper* v. *Cleveland, etc., R. Co.* (1919), 265 Pa. 109, 108 Atl. 407. The above cases hold, as has been held many times,

that where individuals or private or municipal corporations enter into a contract concerning a subject-matter which the legislature has power to regulate, such as the rates to be charged by a public utility company,

2. the mere fact that the legislature has not yet made any regulations which prevent the contract from being valid at the time it is made will not enable the parties, by their private contract, to curtail or limit the future exercise of such power of the legislature, but that the contract will be deemed to have been made subject to whatever future regulations may be imposed by law.

It is obvious that to whatever extent, if at all, the power of the state to increase rates might be limited as against the appellant city, by reason of its al-

3. leged contract, the rates charged other consumers would have to be increased in proportion, if the water company were to be given the income which the law allows it to earn. And accordingly it has been held that the revision of the contract price at which water should be furnished to a city for use in extinguishing fires under a franchise ordinance such as the one in question, is as completely within the rate-making power of the state as is a revision of the rates to be charged private consumers. *Hillsboro* v. *Public Service Comm., supra.* The contract by which the appellant city and the assignor of the appellee water company fixed the price of water furnished to the city for extinguishing fires was subject to the police power of the state to regulate the charges of a public utility company. And the Public Service Commission having ordered that the price to be paid by appellant shall be increased to $55 per annum for each hydrant, and the circuit court having approved the order, it was not void as being in conflict with these provisions of the Constitutions of the state and the United

States which forbid the state to enact and enforce laws impairing the obligation of contracts. The judgment is affirmed.