# Pittsburgh & Allegheny Telephone Co. *v.* Stinson Printing Co., Appellant.

*Telephone companies—Contract — Stipulation as to number of 'phones to be installed—Waiver — Payment for service — Public service companies—Rates—Published tariff.*

1. Where a contract between a telephone company and a customer contains a stipulation that a stated number of telephones shall be installed before the contract becomes effective, the customer will be liable for service if he permits the 'phone to be installed in his premises and occasionally uses it, although the stipulated number of 'phones had not been installed in the district.

2. A construction which would permit the defendant to retain the telephone for a number of months, and make even an occasional use of it, free of charge, would render the contract invalid, for the company as a public service corporation is bound to charge all customers according to its published tariff, regardless of private agreements.

3. Even if the company had contracted to furnish the service for a fractional part of the published rates, or to furnish the service free for a limited time, it could recover the whole.

Argued January 8, 1924.    Appeal, No. 14, Oct. T., 1924, by defendant, from judgment of Superior Court, April T., 1923, No. 3, affirming judgment of C. P. Alle-

gheny Co., Jan. T., 1922, No. 2424, which reversed judgment of County Court of Allegheny Co., No. A 1162 of 1920, in case of Pittsburgh & Allegheny Telephone Co. v. Stinson Printing Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from judgment of Superior Court.

The opinion of the Supreme Court states the facts.

Judgment affirmed by a divided court. Defendant appealed.

*Error assigned* was judgment, quoting record.

*C. F. C. Arensberg*, of *Patterson, Crawford, Miller & Arensberg*, for appellant.—Plaintiff cannot recover the charges claimed under the tariffs filed with the Public Service Commission.

The effect to the contract will not result in discrimination.

The evidence does not show that any use was made of the telephone.

*John O. Wicks*, of *Weller & Wicks*, with him *C. L. Wallace*, for appellee.—Appellee is a public service company; consequently all its contracts are subject to the laws concerning public service companies: Scranton v. P. S. C., 268 Pa. 192; Wilkinsburg Boro. v. P. S. C., 72 Pa. Superior Ct. 423; Erie & Wyoming Val. R. R. v. P. S. C., 74 Pa. Superior Ct. 338; Schaper v. Ry., 265 Pa. 109; Leiper v. R. R., 262 Pa. 328; Central R. R. of New Jersey v. Mauser, 241 Pa. 603.

OPINION BY MR. JUSTICE WALLING, February 11, 1924:

Pursuant to a written contract, made in October, 1914, plaintiff, in March, 1915, installed a telephone in defendant's business office at Sewickley, where it remained until August, 1916; this action was to recover for the use thereof during that time. The court of common

pleas, reversing the county court, allowed the claim, and, from the affirmance of such allowance by the Superior Court, defendant brought this appeal.

We find nothing in the record calling for reversal. True, the contract provided, inter alia: "This contract to be effective only in the event and at the time there are at least five hundred telephones in the Bellevue exchange and one hundred fifty in the Sewickley exchange"; while as a matter of fact plaintiff installed only two hundred and sixty-three telephones in the Bellevue exchange and one hundred and twenty-five in the Sewickley exchange. This would have warranted defendant in refusing to receive the telephone or in ordering its removal, but it did neither during the time here in question. The telephone was in working order and connected defendant's office with plaintiff's sixteen thousand subscribers in Pittsburgh and the surrounding country. The contract called for a flat rate of eighty dollars a year, which was plaintiff's regular published rate. Both the common pleas and the county court (jury trial having been waived) found that defendant made an occasional, although infrequent, use of the telephone. In support of this finding is the testimony, inter alia, of two of defendant's officers to the effect that while no general use was made of the telephone it may have been used occasionally. It also appeared defendant received monthly bills for the telephone service, and thus knew it was being charged therefor. Furthermore, the affidavit of defense admits the discontinuance of the service in August, 1916, at defendant's request, while denying the character of the service. The evidence, while meager, justifies the finding of an occasional use and that sustains the judgment, assuming the burden was on plaintiff to show use of the telephone by defendant.

A construction that would permit defendant to retain the telephone fifteen months and make even an occasional use of it, free of charge, would render the contract invalid; for plaintiff, as a public service corporation, was

bound to charge all customers according to its published tariff rates, regardless of private agreements. Had plaintiff covenanted to furnish the service in question for a fractional part of the published rates, it could still recover the whole (Chicago, etc., Railroad v. Nebraska, 170 U. S. 57; Scranton v. Pub. Ser. Com., 268 Pa. 192; Schaper v. Cleveland & Erie Ry. Co., 265 Pa. 109; Leiper v. Balt. & P. R. R. Co. et al., 262 Pa. 328; Central R. R. of N. J. v. Mauser, 241 Pa. 603; Duquesne Light Co. et al. v. Pub. Ser. Com., 79 Pa. Superior Ct. 6); as it also could had it agreed to furnish such service free; for either would constitute a prohibited discrimination. See section 8 (a), article III, Act of July 26, 1913, P. L. 1374, 1393. Neither would the contract of such corporation to furnish free service to certain customers for a limited time be valid, for that would also constitute a discrimination.

We may add, plaintiff had contracts for the required number of telephones and the failure to install them does not seem to have resulted from any fault on its part.

The judgment for plaintiff is affirmed.