CHARLES HIRSCHHORN, MARC H. MACK, and FREDERICK HIRSCHHORN, Partners in Business · under the Firm Name and Style of HIRSCHHORN, MACK & COMPANY, Respondents, v. NELDEN-JUDSON DRUG COMPANY, a Corporation, Appellant.

No. 1381.    (72 Pac. 386.)

**Contracts: Consideration: Mutuality.**

Where plaintiffs agreed that defendant should have the exclusive right to sell their goods in a certain territory, and that they would fill all orders by defendant therefor, but defendant did not agree to solicit the sale of plaintiffs' goods, or to sell any of them, or to purchase or order any of the goods, or to do anything whatever in the premises, plaintiffs' promises were without consideration, and not binding on them.

(Decided May 1, 1903.)

Appeal from Third District Court, Salt Lake County.—*Hon. C. W. Morse,* Judge.

Action to recover the unpaid balance  alleged to be due on the sale and delivery to the defendant of a lot of cigars and tobacco. From a judgment in favor of plaintiffs, the defendant appealed.

AFFIRMED.

*Messrs. Stephens & Smith* and *Ashby Snow, Esq.* for appellant.

*Messrs. Powers, Straup & Lippman* for respondents.

### STATEMENT OF FACTS.

This is an action to recover $584.90, the unpaid balance alleged to be due on the sale and delivery to the defendant of a lot of cigars and tobacco. It is alleged in the answer that "the defendant admits that it bought a large quantity of cigars and tobacco from the plaintiffs, and that the sum of $584.90 would be due to the plaintiffs from the defendant except for the matters hereinafter stated, but denies that there is any sum whatever due and unpaid to the plaintiffs from the defendant." The answer also alleged, by way of counterclaim, the following: "That, at all times hereinafter mentioned, the plaintiffs were, and now are, co-partners, engaged in business under the firm name and style of Hirschhorn, Mack & Co., in the State of New York, and engaged in the business of manufacturing and selling cigars and tobacco at wholesale. That this defendant, Nelden-Judson Drug Company, is now, and at all the times hereinafter mentioned was, a corporation organized under the laws of the State of Utah, doing business at Salt Lake City in buying and selling cigars and tobacco at wholesale. That on or about the 6th day of July, 1898, the plaintiffs and defendant entered into a contract whereby it was mutually agreed that the defendant was to have the exclusive sale of the plaintiffs' goods in the State of Utah, and part in the State of Idaho and Wyoming, and the defendant agreed to solicit the sale of said plaintiffs' goods by its traveling salesmen, and distribute advertising matter to be furnished by plaintiffs, and in consideration thereof the plaintiffs

agreed to fill all orders of the defendant at stated prices and discounts, for the purpose of resale, for a profit, by the defendant within the territory above mentioned. That since the 6th day of July, 1898, and up to the month of March, 1900, the defendant, acting under said contract, purchased from the plaintiffs, and sold within the territory granted, under orders as aforesaid, goods, wares, and merchandise of the plaintiffs, to-wit, cigars to the amount of $46,451, and solicited the sale of plaintiffs' said goods, and distributed advertising matter furnished by plaintiffs, in accordance with said contract. That all of the purchases of goods by the defendant of plaintiffs were made for the purpose of resale at a profit, all of which was well known to the plaintiffs. That between the 27th day of February, 1900, and the 5th day of March, 1900, and before said contract with said plaintiffs had been terminated, or any notice of the termination of the same given to the defendant, the defendant duly ordered of plaintiffs, in accordance with said contract, and in accordance with the usual custom of the parties thereto, certain goods," consisting of 100,000 cigars, of the various brands therein mentioned. "That the same were ordered for the purpose of filling orders for said goods already accepted by the defendant from its customers, and for a future sale thereof at a profit. That the plaintiffs willfully failed and refused to fill said orders and deliver said goods to defendant, and, by reason of the failure and refusal so to do, this defendant was unable to fill said orders of its customers, and lost the profits on the same, and was deprived of and lost the profit and benefit that it would have obtained by the sale of said goods to its customers, and lost the expenses and benefit of the services of its traveling salesmen, to its damage in the sum of $600."

In reply to defendant's counterclaim, plaintiffs, after admitting paragraphs 1 and 2, alleged that, "except as otherwise herein admitted, plaintiffs deny each and every material allegation in said counterclaim con-

tained.   They allege that in July, 1898, said defendant had the exclusive right to sell in the State of Utah certain brands of cigars known and called 'Tom Moore' and 'Henry George,' manufactured by these plaintiffs. But the said defendant did not handle the said cigars with promptness and diligence, or endeavor to increase the sale of said goods, or handle the same to advantage to these plaintiffs, but said defendant gave time and attention to handling other and different brands of cigars and goods for other persons that should have been given to the handling of the said cigars and goods for these plaintiffs, and made sales and delivery of said other brands of cigars instead of and in place of the said cigars of the said plaintiffs, which said sales were had and business conducted to the injury and damage of plaintiffs' business; but that at said 27th day of February, 1900, all relation existing between said plaintiffs and defendant in respect to the handling of the said or any goods of plaintiffs was wholly ended and terminated, and, at the time of the said order of said defendant in its counterclaim set forth, it then and there well knew said relation had wholly ended and terminated, and that said plaintiffs had made other and different arrangements for the handling of their said goods; and at said time plaintiffs were not obligated by contract or otherwise, or at all, to fill the said or any order of the said defendant."

The plaintiffs at the trial offered no evidence, and rested their case upon the admission of the answer; whereupon the defendant introduced evidence upon the counterclaim, and at the close of the same the plaintiffs moved for a non-suit of the defendant's counterclaim on several grounds.   The substance of the fourth ground of the motion is as follows:   That it is shown by the defendant's evidence that it did not promise or undertake to do anything in the premises; that the alleged contract between the parties is wholly one-sided and optional in respect to the defendant, and wholly lacking in mutu-

ality; and that the plaintiffs had no right or remedy thereunder.

The motion for the non-suit was sustained, and the jury instructed to return a verdict for the plaintiffs.

BASKIN, C. J., after stating the facts, delivered the opinion of the court.

A valid consideration is one of the essential and indispensable elements of a contract. By reference to the alleged contract, which was a verbal one, set out in the cross-complaint, it will be seen that the only consideration, on the part of the defendant, is its promise or agreement to solicit the sale of the plaintiffs' goods by its traveling salesmen, and distribute advertising matter to be furnished by plaintiffs, and that the defendant does not promise or bind itself to make any sales or orders whatever. It is elementary that one promise may be sufficient consideration for the other in an executory contract, but both of the parties must be bound, or neither one is, for in the later event there is no consideration, and therefore no contract. Nearly all of the evidence contained in the record was introduced by the defendant for the purpose of proving the contract plead in the counterclaim. The president and vice-president of the defendant were the chief witnesses, and were examined and cross-examined at great length upon that matter, and the dealings between the plaintiffs and defendant were fully disclosed. While the evidence discloses the fact that the plaintiffs agreed that the defendant should have the exclusive right to sell their goods in the territory mentioned, and that they would fill all orders by the defendant therefor, there is no evidence whatever tending to show, as stated in the opinion of the trial judge, that the defendant promised and agreed to solicit the sale of plaintiffs' goods by its traveling salesmen or otherwise, or to sell any of the same, or purchase or order any goods, or to do anything whatever in the premises. As the defendant made no promises, it was not bound, and incurred no liability.

The plaintiffs' promises were therefore without consideration, and not binding upon them.   There was an entire lack of mutuality.

The judgment is affirmed, with costs.

BARTCH, J., and HART, District Judge, concur.