### INTERNATIONAL SHOE CO. v. HERNDON

(133 S. E., 202)

1. CONTRACTS.—Although mutuality of obligation is not an essential element in unilateral contracts, a valuable consideration is necessary.

2. CONTRACTS—WHERE ENGAGEMENT OF SELLER TO GIVE BUYER EXCLUSIVE SALE, INDEFINITE AS TO TIME, QUANTITY, AND TERMS, WAS PURPORTED CONSIDERATION FOR BUYER'S ENGAGEMENT TO PURCHASE BILL OF GOODS, CONTRACT LACKED MUTUALITY.—Alleged engagement of seller to give buyer exclusive sale of merchandise, indefinite as to time, quantity, price, and terms, accompanied by no corresponding engagement on part of buyer, *held* unenforceable, and not such as would constitute consideration for buyer's engagement to purchase bill of goods, so as to create mutually binding contract.

Before JOHNSON, J., Colleton, December, 1924. Reversed and remanded, with directions.

Action by the International Shoe Company against C. H. Herndon. From an order overruling a demurrer to defendant's counterclaim, plaintiff appeals.

*Mr. Heber R. Padgett,* for appellant, cites: *Authority given agent revocable at will:* 141 U. S., 638; 194 F., 326; 168 F., 500; 41 A., 981; 150 N. W., 792; 44 Pa. Super. Ct., 428. *Mutuality essential to every contract:* 32 S. C. L., 40; 25 S. C., 140; 194 F., 324; 155 F., 719; 114 F., 77; 68 F., 791; 53 S. E., 854; 52 S. E., 829; 48 S. E., 868; 28 S. E., 998; 71 N. E., 1010; 103 A. S. R., 207; 39 A., 810; 72 P., 386; 80 S. W., 1170; 1 Elliott on Contracts, Sec. 231.

*Messrs. Howell & Fishburne,* for respondent, cite: *Contracts to be performed in uncertain time and capable of being performed within one year not within Statute of Frauds:* 126 S. E., 749; 96 S. E., 532; 26 S. C., 89; 1 S. E., 366; 12 Rich., 176.

NOTE: On mutuality of contract where one party's obligation is not definite and certain, see note in 1 L. R. A. (N. S.), 445.

May 11, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action upon an account for goods sold and delivered, amounting to $467.59, between April 4, 1923, and June 23, 1923.

The defendant in his answer admitted the sale and delivery of the goods as alleged, and set up a counterclaim in substance as follows: That in March, 1915, he bought a bill of shoes from the plaintiff, in consideration of which the plaintiff "entered into a parol agreement with the defendant, C. H. Herndon, trading as Herndon Clothing Store, wherein it contracted and agreed that the defendant should have the exclusive sale of plaintiff's shoes at Walterboro, and should be the only person, firm, or corporation to handle said line of shoes at said place, said parol agreement further providing that the defendant should have the exclusive agency as long as he would handle said shoes and as long as he wished to handle same"; that acting upon said agreement the defendant bought bills of goods from the plaintiff from year to year, up to June, 1923, and paid for them, aggregating more than $15,000, and expended in advertising the plaintiff's shoes not less than $1,500; that in May, 1923, the plaintiff violated said agreement by selling its shoes to two or more merchants in Walterboro, all to his damage in loss of profits and injury to his reputation as a merchant, in the sum of $2,500.

The plaintiff interposed a demurrer to the counterclaim upon the general ground, specifying:

"That under the alleged contract there was no mutuality of interest (obligation?), and no allegation that the defendant was under any obligation to buy goods from the plaintiff under the terms of the contract, and, therefore (it) was without consideration."

The matter came on to be heard by his Honor, Judge Johnson, who filed a decree, dated December 5, 1924, in

which he held, "I am satisfied that the agreement set up in the counterclaim is supported by a consideration, and that the contract as alleged does not lack mutuality," and over-ruled the demurrer. The plaintiff has appealed, raising the same question as in the demurrer.

The contract set up in the counterclaim is not declared upon as a unilateral contract, but as a bilateral one—a contract by which the defendant agreed to buy a certain bill of goods, and in consideration thereof the plaintiff agreed to give him the exclusive sale of the shoes at Walterboro, S. C.

It is very true that mutuality of obligation is not an essential element in unilateral contracts, such as option contracts, contracts evidenced by a subscription paper, contract of offers of rewards or a guaranty, or in many other instances readily put in ordinary business affairs. The nonrequirement of mutuality in such contracts, however, does not dispense with the necessity of a valuable consideration. But in bilateral contracts, where the consideration is sought to be sustained upon mutual promises, the contract consists of the several engagements of the parties; the engagement of one being the consideration for the engagement of the other, and the combined engagements constituting the contract. In order to accomplish this result, it is manifest that the promise or engagement of one of the parties, which is sought to be held as the consideration for the promise or engagement of the other, must be an absolute engagement of such party; for if it is not, the contract is lacking in mutuality, notwithstanding the absolute character of the engagement of the other party.

The rule is thus stated in Elliott on Contracts, Vol. 1, § 231:

"A promise may constitute the consideration for another promise. But a promise is not a good consideration for a promise unless there is absolutely mutuality of the engagements, so that each party has the right to hold the other to

a positive agreement. In case the promise of one of the parties impose no legal duty upon the party making it, such promise furnishes no consideration for a promise."

Thus, in the case at bar, the defendant seeks to hold the plaintiff to the alleged contract of March, 1915, by which he engaged to buy a bill of shoes from the plaintiff, and the plaintiff engaged to give him the exclusive sale of its shoes at Walterboro. There is no question as to the absolute character of the defendant's engagement; but if the plaintiff's engagement was not an absolute enforceable one, it is clear that the contract, which must consist of an absolute enforceable engagement on each side, it lacking in mutuality, and, therefore, wanting in consideration. So the question of the validity of the alleged contract is to be resolved by the further question of the validity of the plaintiff's alleged engagement to give to the defendant the exclusive sale of its shoes.

It will be observed that this alleged engagement is not only indefinite as to time, quantity, price and terms, but it is accompanied by no corresponding engagement on the part of the defendant; he binds himself to nothing; he could, under it, order one or a thousand pairs of shoes, or none at all; at a price unknown, not agreed upon, and upon indefinite terms.

Under such circumstances, it cannot be considered as partaking of any of the elements of an absolute, binding, enforceable engagement, such as will constitute the consideration for the defendant's engagement, the essential element of a valid contract.

In 9 Cyc., 327, it is said:

"There are many cases in which the offer is definite enough, yet the acceptor by merely accepting, has really himself promised nothing in return—has not made himself liable for anything—so that although one is bound, the other is not, and the engagement lacks what is called mutuality. In such a case there is not an enforceable agree-

ment. The most frequent example of this principle is when one offers to supply another with such goods of a certain kind as he may choose to order or wish during a certain time and the other accepts the offer. Here there is no consideration for the promise or offer, for the promisee has not bound himself to anything and has incurred no legal liability at all."

And at page 329:

"When, however, the acceptance does really impose any obligation on the acceptor, then a consideration is present and a binding contract results; and this is so whenever the acceptor's freedom of action is in any way limited. It is not limited at all, where he simply assents to the seller's offer to sell him all the goods he may order or desire during a certain time, for he has not promised to order any nor is he bound to do so."

In *Fowler v. Gray,* 168 Ind., 1; 79 N. E., 897; 7 L. R. A. (N. S.), 726; 120 Am. St. Rep., 344, it is said:

"This rule is founded upon a want of mutuality. The term 'contract' implies mutual obligation, and in general contracts, other than options, are not enforceable unless both parties thereto are bound, so that an action could be maintained by each against the other"—citing Bishop, Cont., § 78; Lawson, Cont., § 97. *Henry v. Meredith,* 32 Ind. App., 607; 70 N. E., 393.

In that case a contract with a heating plant to furnish heat at a certain rate per annum was held lacking in mutuality, where the heat from the plant rested in the discretion of the consumer.

In *Santaella v. Lange,* 155 F., 719; 84 C. C. A., 145, the defendant set up a counterclaim for damages on account of the breach of a contract whereby the plaintiff, a manufacturer of cigars, agreed to sell in the future to the defendant, a dealer, as many of a certain brand as the defendant might desire, and to continue to do so during the life of the brand as long as the defendant desired to sell

them. The Court held that the contract was lacking in mutuality and not enforceable, saying:

"But this case comes clearly within the rule that an accepted offer to sell or deliver, or to buy at a specified prices, during a limited time, in such quantities as the buyer may need or desire in his business, without any specification as to the quantity or amount, is without consideration, for the palpable reason that the buyer placed himself under no obligation to need or desire any quantity at any given time or during any given period. The defendants were at liberty to send in orders *ad libitum,* or not to send in any orders at all. The one was completely left at the will or caprice of the other. The plaintiff could at no time manufacture any quantity or quality of cigars dependng upon a contract requiring the defendants within a given period to take them, as it was wholly at the pleasure of defendants in sending in any orders."

In *Cold Blast Co. v. Kansas City Co.,* 114 F., 77; 52 C. C. A., 25; 57 L. R. A., 696, the Court said:

"A contract for the future delivery of personal property is void, for want of consideration and mutuality, if the quantity to be delivered is conditioned by the will, wish, or want of one of the parties. * * * Accepted orders for goods under such void contracts constitute sales of the goods thus ordered at the prices named in the contracts, but they do not validate the agreements as to articles which the one refuses to purchase, or the other refuses to sell or deliver, under the void contracts, because neither party is bound to take or deliver any amount or quantity of these articles thereunder."

In *American Co. v. Kirk,* 68 F., 791; 15 C. C. A., 540, quoting syllabus, it is held:

"A contract to sell and deliver 10,000 barrels of oil, at a stipulated price, in such quantities per week as the buyer may desire, to be paid for as delivered, but which contains no agreement on the part of the buyer to purchase and

receive any particular quantity of oil, is not binding for want of mutuality."

In *Morrow v. Exp. Co.,* 101 Ga., 810; 28 S. E., 998, the Court said:

"And in case of mutual promises, where the promise of one party is relied on as a consideration for the other, the promises must be concurrent and obligatory upon each at the same time, in order to render either binding."

In *American Company v. Kennedy,* 103 Va., 171; 48 S. E., 868, the Court said:

"Where the consideration for the promise of one party is the promise of the other party, there must be absolute mutuality of engagement, so that each party has the right to hold the other to a positive agreement. Both parties must be bound, or neither is bound."

In *Smokeless Company v. Seaton,* 105 Va., 170; 52 S. E., 829, the syllabus is as follows:

"Where the consideration for the promise of one party is the promise of the other party, there must be absolute mutuality of engagement, so that each party may have the right to hold the other to a positive agreement."

The case of *Benjamin v. Bruce,* 87 Md., 240; 39 A., 810, is strikingly parallel with the case at bar. There the manufacturer by contract gave the plaintiff practically the exclusive privilege of selling his manufactured goods, but without any corresponding obligation on the part of the plaintiff. The Court held that the contract was invalid for the want of mutuality.

"The obligations which it creates, and the duties which it imposes, are to be performed wholly by one of the parties to it. There is no reciprocal obligation or duty whatever on the other party. Benjamin did not purchase the entire or any portion of the output of Evans' factory, nor did he bind himself to sell or even attempt to sell the wares and merchandise made by Evans. He literally undertook to do nothing on his part at all as respects the purchase or

sale of Evans' commodities. Had he made no sales or
sent no orders to Evans, there would have been no breach
of the contract by him, because he had made no stipulation
to do either; and, had he been sued for a failure to send
in orders or to make sales, a defense that he was under no
obligation to do the one or the other would have been per-
fect, unanswerable, and complete. Obviously, if this be so,
the contract, except in so far as it has been executed and
performed by Benjamin, is not binding on Evans, because
it lacks the element of mutuality, which is a constituent es-
sential to the validity of an agreement respecting such a
subject as the parties purported to deal with. It is essential
to the validity of every contract of this character that there
should be a mutuality of obligation. A contract is not bind-
ing on one of the parties, unless it is binding on the other."

In *Calvary Baptist Church v. Dart,* 68 S. C., 221; 47 S.
E., 66, it was held that a contract to purchase property at
foreclosure sale and resell to the original owner at the same
price with only seven per cent. interest was lacking in mutu-
ality, upon the ground, it is assumed, that there was no re-
ciprocal obligation on the part of the owner to repurchase.

In *Hirschhorn v. Drug Co.,* 26 Utah, 110; 72 P., 386, the
Court said:

"While the evidence discloses the fact that the plaintiffs
agreed that the defendant should have the exclusive right
to sell their goods in the territory mentioned, and that they
would fill all orders by the defendant therefor, there is no
evidence whatever tending to show * * * that the defend-
ant promised and agreed to solicit the sale of plaintiff's
goods by its traveling salesmen or otherwise, or to sell any
of the same, or purchase or order any goods, or to do any-
thing whatever in the premises. As the defendant made no
promises, it was not bound, and incurred no liability. The
plaintiffs' promises were, therefore, without consideration,
and not binding upon them. There was an entire lack of
mutuality."

"For mutuality is lacking in a contract, when only one of the contracting parties is bound to perform and the rights of the parties exist at the option of one only." *Nebraska Co. v. City of Stromsburg* (C. C. A.), 2 F. (2d), 518.

In *Higbie v. Rust,* 211 Illinois, 333; 71 N. E., 1010; 103 Am. St. Rep., 204, the syllabus is as follows:

"Where plaintiff's offer to furnish defendant all the five-pound jelly pails he 'wanted' was accepted by him, but defendant, who was an extensive dealer in pails, supplying many customers, neither agreed to take or want such pails as he might sell to his trade, nor to take or want any pails whatsoever, the contract was void for want of mutuality."

In *Cool v. Cunningham,* 25 S. Ct., 136, the Court holds (quoting syllabus):

"Where a party purchased from a patentee the exclusive right to sell, in a certain county, the article patented, the patentee being under no obligation to furnish such article for sale, the notes given for the purchase money were without consideration and were not binding upon the maker."

We think, therefore, that the alleged contract, for the breach of which the defendant asks damages, was lacking in consideration and mutuality, and that the plaintiff's demurrer should have been sustained.

The Court is not unmindful of the principle that where the contract has been fully executed, the party who has received the benefit of such performance will not be heard to urge the lack of mutuality of obligation on the part of the party performing in the contract as originally appearing. 13 C. J., 334. But this is not such a case; the defendant is not seeking recovery for any act of performance upon his part; but for profits which he would have made under a contract which must be held to have been lacking in consideration and mutuality.

The judgment of this Court is that the order of the Cir-

cuit Court overruling the plaintiff's demurrer to the defendant's counterclaim be reversed, and that the case be remanded to that Court with direction to enter an order sustaining the same, and of judgment in favor of plaintiff upon the amount sued upon admitted by the answer.

MESSRS. JUSTICES WATTS, BLEASE, and STABLER, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.