## McMASTERS v. COHEN.

Where the declaration contains several counts, the Court can not compel the . defendant to elect to which count he will apply the evidence.

Trespass for an assault and battery. On the trial the Court allowed the defendant to prove that, understanding that the plaintiff had threatened him with personal violence, he wrote a letter to the plaintiff, telling him he intended to carry arms in self-defence. The defendant had before proved that the letter itself had been destroyed. The Court instructed the jury that the contents of the letter had been admitted solely to show that the defendant had forewarned the plaintiff that he should arm himself, &c. *Held*, that, thus qualified, the evidence was not improper.

*Wednesday, May 31.*

ERROR to the *Wayne* Circuit Court.

STUART, J.—Trespass by *McMasters* against *Cohen* for an assault and battery. Two counts. Pleas, the general issue, *son assault*, and leave and license, to the first count. Similar pleas to the second count. Replication to the one class of pleas, that the battery was excessive; to the other, denying the license. The cause was submitted to a jury. Verdict and judgment for *Cohen.*

There are two bills of exception taken by *McMasters*: one to the admission of certain evidence; the other to the instructions of the Court.

The question on the evidence arises thus. *Cohen*, understanding that *McMasters* had threatened him with personal violence, wrote him a letter telling him he intended to carry arms in self-defence. This was some time before the rencounter occurred. *Cohen* proved the destruction of the letter, and was then permitted to give oral evidence of its contents. At the same time, the Court instructed the jury that the contents of the letter were admitted solely for the purpose of showing that the defendant had forewarned the plaintiff that he (the defendant) should arm himself in

self-defence. Thus qualified, we do not think the evidence improper. The letter in itself was a timely caution to the plaintiff to beware how he committed a breach of the peace. It may well be doubted whether it was conceived in such terms as to accomplish that object. It was no doubt intended to warn the opposite party to beware; but its tendency was to inflame and exasperate. Such as it was, there was no impropriety in submitting it to the jury, under the qualifying instructions of the Court.

The second question relates to the instructions given to the jury.

As the evidence is not set out, we can not say the instructions are wrong. Their general tenor, as to the law of the case, seems fair; a state of facts might be supposed to exist in which they would be pertinent and correct.

But there is one novel feature in the case, which ought not, we think, to be passed over or sanctioned.

It appears that the Court required of the plaintiff below to elect on which count he would apply the evidence given in the cause, but the plaintiff refused to make such election. The Court thereupon permitted the defendant to elect to which count the evidence should be applied. The defendant elected to apply it to the first count and the issues formed thereon. The jury was thereupon directed to apply the evidence accordingly. To this ruling of the Court, in the application of the evidence, the plaintiff below excepted; and we think very justly. As a question of practice, we have been unable to find any authority for it. On principle, it is open to the obvious objection that it does away with the utility of two or more counts. As a matter of caution, the pleader states his case in different ways, in several counts, so as to meet the contingencies of the evidence. When the case is closed, it is for the jury to say whether the evidence fits any of the counts, and, if so, which one. The plaintiff may *non pros.* or abandon one or more counts if he chooses. But he can not be compelled to do so. The Court can not, in this state, nonsuit the plaintiff against his wishes. Nor is it in the power of the Court to permit the defendant to drive the

May Term, 1854.

plaintiff to a stand on this or that count. If the Court could nonsuit, or, which is the same thing, drive the plaintiff to elect between counts, the power would be liable to abuse. Such a claim, it is believed, has never been exercised in this state.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. H. Test*, for the plaintiff.

*J. S. Newman*, for the defendant.