## HENRY SCHOOL TOWNSHIP v. MEREDITH.

[No. 4,723.   Filed March 18, 1904.]

SCHOOLS.—*Teacher's Contract.—Length of Employment not Stated.*— Where the length of the period of employment in a contract to teach a public school is not specified in the written contract, but it purports to be a contract of employment of the teacher for a term of school commencing at a specified date, such written contract, in this regard, may be aided and explained by parol evidence showing the actual length of the term. *p. 612.*

SAME.—*Arbitrary Termination of Contract.*—Under a contract of employment which provides that it "is to hold good as long * * * as said trustee sees fit," such trustee can not arbitrarily terminate it. Before he can end performance under such a contract there must be some fitness in his act—at least such occasion for such action as to render his conduct referable to the exercise of sound official discretion, though without the consent of the one employed. *pp. 612, 613.*

CONTRACT.—*Must Bind Both Parties.*—To constitute a contract, there must be a subsisting agreement between at least two parties, which is binding upon both of them. *p. 612.*

SCHOOLS.—*Improper Dismissal of Teacher.*—*Recovery.*—A teacher in the public schools improperly dismissed by the school authorities is entitled to recover compensation from the school corporation employing her for the remaining part of the term of her employment for services she would have performed if she had not been so dismissed. *pp. 613, 614.*

APPEAL AND ERROR.—*Brief.*—The Appellate Court will not search the record to find errors of which complaint is made by the appellant in his brief. The place where they occur must be specifically set forth in such brief. *p. 614.*

From Henry Circuit Court; *J. M. Morris,* Judge.

Action by Nora Meredith against Henry School Township. From a judgment in favor of plaintiff, defendant appeals. *Affirmed.*

*F. C. Gause* and *W. A. Brown,* for appellant.

*E. H. Bundy, E. A. Nation* and *C. H. Beard,* for appellee.

BLACK, J.—The demurrer of the appellant, Henry school township, of Henry county, Indiana, for want of sufficient facts, to the complaint of the appellee, Nora Meredith, was overruled. In the complaint it was alleged that during the year 1901 Sanford W. Compton was, and he still was, the duly elected, qualified, and acting trustee of the school corporation, and August 28, 1901, he, by written contract, duly entered of record, and signed by the appellee and Compton, as such school trustee, employed the appellee to teach the common school at District No. 9, in Henry township, Henry county, Indiana, during the school term commencing September 9, 1901, at the sum of $2 per day. A copy of the contract was exhibited with the complaint. By its terms the appellee agreed to teach that school for the term commencing September 9, 1901, for the consideration of $2 per day, "to be paid $30 per month and balance end of term," and faithfully to perform all the duties of teacher of the school. A number of duties to be performed by her

were specified. The contract then proceeded as follows: "This contract is to hold good as long as there are, twelve pupils or more, or as said trustee sees fit. The said trustee agrees to keep the school building in good repair, and to furnish the necessary fuel, furniture, apparatus, books and blanks, and such other appliances as may be necessary for the systematic and proper conduct of said school. And the said trustee, for and in behalf of said township, further agrees to pay the said Nora Meredith for services as teacher of said school," a sum equal to the whole number of days taught, at the rate of the above named sum per day, "when the said teacher shall have filled all the stipulations of this contract." The contract contained a proviso as follows: "Provided, that in case the said Nora Meredith shall be dismissed from said school by said trustee, or his successor in office, for incompetency, cruelty, gross immorality, neglect of business, or a violation of any of the stipulations of this contract, or in case her license should be annulled by the county superintendent or state superintendent, she shall not be entitled to any compensation after notice of dismissal or notice of annulment of license."

It was further alleged in the complaint that at the date of the contract the appellee was a regularly licensed teacher of said county, and held the necessary license and certificate from the county superintendent of schools of said county, which license was in force on and after September 9, 1901, and never was revoked or annulled; that at the time of making the contract the trustee represented to the appellee that there were nineteen children of school age in the district, seventeen of whom would attend the school there, and that the term of school in that district would be of seven months' duration, and that should nearly all of the school children of the district become affected with any contagious disease it would be necessary to discontinue the school, and for the purpose of closing the school in that event it would be necessary to insert, and he did insert in the contract, the

words: "This contract is to hold good as long as there are twelve pupils or more, or as said trustee sees fit." It was alleged that on September 9, 1901, the appellee entered upon the work of teaching the school under the contract, and continued teaching until the — day of October, 1901; that soon after she commenced to teach the school the trustee solicited, requested, and persuaded the parents of a number of the school children in the district to send their children to a school outside of that school district, in order to keep these children from attending the school taught by the appellee, and in order to keep the number of children attending the school taught by her at a less number than twelve; that on the — day of October, 1901, the trustee informed the appellee that the school would be discontinued from that date, and as teacher of the school she had no further duties to perform; that he then caused the doors of the schoolhouse to be locked, and the keys to be turned over to him, and refused to deliver the same to her, so that she might enter the schoolhouse and continue teaching the school; that she was not dismissed from the school by the trustee for incompetency, cruelty, gross immorality, neglect of business, or a violation of any of the stipulations of the contract; that he brought against her no charge or accusation of inability, incompetency, or other charge, but, without any cause whatever, he violated the contract "as aforesaid;" that the school was not closed or discontinued by the trustee on account of any contagious or other disease among the children of the school district; that she demanded possession of the keys to the schoolhouse, and demanded that she be allowed to enter the same and to continue teaching the school for the remainder of the term, to wit, 110 days, but said demands were refused by the trustee; that she was ready, able, and willing to teach the school the remainder of the term, but the trustee denied her that privilege, and prevented her from teaching the school the remainder of the school term; that during the time she was prevented from

teaching the school she endeavored to secure other employment, but could not and did not earn anything; that on the —day of October, 1901, the appellant paid on the contract the sum of $30; that there was due and unpaid on the contract the sum of $300. "Wherefore, the plaintiff demands judgment for $300 and for all other proper relief."

The complaint proceeds upon the contract of employment, to recover the whole compensation that would have -been earned for teaching during the entire term, upon the ground that so far as the service agreed upon was not actually rendered, performance was prevented by the appellant without right to do so, the appellee having been at all times ready and willing to teach, and having been unable to obtain other remunerative employment. The pleading contains many averments of inconclusive matter. It is not shown that the representation of the trustee concerning the number of children of school age in the district was false. So far as any statements alleged to have been made at the time of the execution of the written contract materially varied any of the provisions of the writing, they can not be regarded as affecting the rights of the parties. There is averment that the trustee solicited, requested, and persuaded parents to send their children to another school, but it is not shown that he did so fraudulently, or by means of any false accusations or representations concerning the appellee or the school which she was teaching, and it does not appear that the trustee thus influenced or caused any children to go to the other school, or diminished the attendance at appellee's school. It is not shown how many pupils attended her school at any time, or that it was, by anything done by the trustee, reduced in number below twelve puplis, or to any extent. It does not appear from the pleading that any representation or statement of matter of fact to the appellee or any conduct of his with reference to other persons was injurious, or constituted or produced a cessation of her actual service. It is not shown that the sum of $30 paid

her was the only sum paid her on the contract. A number of matters are mentioned which it is alleged were not grounds or reasons for dismissal or discontinuance.

It is alleged that "without any cause whatever said trustee violated said contract as aforesaid." This may be regarded as referring to the action of the trustee in informing the appellee that the school would be discontinued from the time of his giving the information, and that the appellee had no further duties to perform as a teacher of the school, and his action in causing the doors of the schoolhouse to be locked and the keys to be turned over to him, and his refusal to deliver the keys to her so that she might enter the schoolhouse and continue to teach. The complaint may be treated as averring that the trustee did thus without any cause whatever.

The length of the period of employment was not specified in the contract, but it purported to be a contract of employment of the teacher for a term of school commencing at a specified date, and we think the written contract in this regard might be aided and explained by parol evidence showing the actual length of the term.

The appellee's performance of the contract could not rightfully be thus interrupted and terminated by her employer without any cause whatever, unless it can properly be held that such right was derivable from the reservation in the contract in the words, "this contract is to hold good as long   *   *   *   as the trustee sees fit." To constitute a contract there must be a subsisting agreement between at least two parties. The agreement must be binding upon both parties. An agreement which is not to hold except as one of the parties sees fit would not be a contract. It can not be supposed that the parties executed a written agreement, containing formal stipulations on the part of each contracting party, with the intention of accomplishing such a futile result. It can not be concluded that by the insertion of such words it was contemplated by both the trustee

and the teacher that on any day after the latter had entered upon the service for the term, the former, arbitrarily and through caprice or prejudice, or without any reason or cause whatever, could terminate the service under the contract at once, and thereby cut off the contemplated compensation. To regard him as having a right to end performance under the contract, there must be some fitness in his act—at least such an occasion for such action as to render his conduct referable to the exercise of a sound official discretion, though without the consent of the teacher. Therefore the complaint seems to be sufficient to put the appellant to its answer.

Issues were formed, upon a trial of which by jury a verdict in favor of the appellee was returned. The overruling of the appellant's motion for a new trial is assigned as error. So far as the appellant has sought to present to this court alleged errors occurring upon a trial, there has not been adequate compliance with the rules of this court relating to the appellant's brief and argument. Under the statement of points in the brief, the appellant makes no reference to the motion for a new trial or the causes therein assigned, but the points stated relate solely to the complaint. The argument is devoted in part to a discussion of the complaint, with references to alleged errors occurring on the trial, without any attempt to identify them with particular assignments in the motion, or any reference to such assignments in the record. In this way reference is made to two of a large number of instructions given, the only assignment in the motion ascribing error in the giving of instructions being directed to all the instructions jointly. There is intermingled in the argument a recital of some of the evidence, and mention of exceptions to the admission of certain evidence, without reference to the motion for a new trial, or to any of the assignments of causes therein, in the record. The same is true of instructions offered by the appellant, and rejected, stating that the evidence was not

sufficient to entitle the appellee to recover, and directing a verdict for the appellant. The appellee was entitled, at least, to recover for the time of her actual service at the stipulated rate of compensation. To ascertain with necessary certainty that there were any available errors upon the trial would require this court to perform the work of the attoneys for the appellant, and would involve an ignoring of the requirements of the rules of this court relating to the appellant's brief and argument.

Judgment affirmed.