## GREGG SCHOOL TOWNSHIP *v.* HINSHAW.

[No. 10,997. Filed October 28, 1921.]

SCHOOLS AND SCHOOL DISTRICTS.—*Closing School Because of Epidemic.— Recovery of Wages by Teacher.— Statutes.—* Although it is a general rule that no deduction can be made from a teacher's salary where a school is closed during the term on account of an epidemic, in the absence of a special provision for such deduction in the contract of employment, where the county health officers, in the exercise of the police power delegated to them by §7608 Burns 1914, Acts 1909 p. 342, giving to health officers power to close schools to prevent and stay epidemics, ordered a school closed because of an epidemic of influenza, the teacher of such school could not recover wages for the time during which it was closed, since her contract of employment, which must be deemed to have been made with reference to such statute and which was a part thereof, was impossible of performance during the time the order made by the health officials was in force, and hence unenforceable; the action of the health board being independent of the school authorities and beyond their control.

From Morgan Circuit Court; *Alfred M. Bain,* Judge.

Action by Maud Hinshaw against Gregg school township, Morgan county. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*S. C. Kivett* and *J. E. Sedwick,* for appellant.
*J. W. Williams* and *Homer Elliott,* for appellee.

NICHOLS, P. J.—This was an action by appellee against appellant township, in which appellee sought to recover pay for twenty-seven days' services as a teacher in one of the schools of said township.

The facts which are undisputed, show that appellee was employed by the trustee of appellant township, and by written contract agreed to teach in its schools for the term commencing September 7, 1918, for a consideration of $3.25 per day, payable monthly. The length of the term is not disclosed by the written contract, but it appears by the oral testimony that appellee was informed by the trustee that the term would be a six months' term. Under this contract appellee entered upon her duties as a teacher, but after having taught for a time, because of an epidemic of influenza, the health authorities ordered the schools temporarily closed. The schools were closed upon two different occasions. Appellee made up a part of the time so lost, before February 28, 1919, which was the time fixed by the county board of education as the time when the six months' schools should close. After that date appellee refused to make up any of the time which she had lost though opportunity was given her to do so and the trustee so demanded of her. Appellee would have continued to teach if the trustee would have paid her additional compensation but this he refused to do. After the issues were formed the cause was submitted to the jury for trial, and, after hearing the evidence, the court, upon the facts substantially as above, instructed the jury to return a verdict for appellee in the sum of $62.12, upon which judgment was rendered, from which, after motion for a new trial was overruled, this appeal.

But the one question is presented, and that is as to the right of appellee to recover wages for the time during which the school was closed by the order of the public health authorities, because of the epidemic of in-

fluenza. It is the general rule that no deduction can be made from a teacher's salary where a school is closed during the term on account of an epidemic unless there is a special provision made for such closing in the contract of employment which will allow for such deduction. But the case of *McKay* v. *Barnett* (1900), 21 Utah 239, 50 L. R. A. 371, which sustains the foregoing general rule, holds that: "If the local board of health had possessed, at the time said contract was entered into, lawful authority to order the schools closed whenever smallpox should become prevalent, and continued to possess such authority up to the time when it acted in the premises, and also had lawful authority to enforce such an order, then the defendant, in that event might, with much better show of reason, insist that the parties contracted in view of such authority, and contemplated if a smallpox epidemic should occur during the life of the contract, the Board of Education might be legally compelled against its will and without fault on its part, to close the schools, and that during the time the schools were so closed, under such authority, no salary should be paid to the plaintiff." It was held, however, that the local board of health had no such authority.

In the case of *School Town of Carthage* v. *Gray* (1894), 10 Ind. App. 428, 37 N. E. 1059 the school was closed by order of the secretary of the county board of health, but at that time the board of health, or its secretary had no express statutory authority to close the schools because of an epidemic. In 1909, the legislature amended the board of health act so that health officers were given power to close schools and churches and forbid gatherings in order to prevent and stay epidemics. Acts 1909 p. 342, §7608 Burns 1914. It was in the exercise of this police power, which had been delegated to them by statute, that the health officials closed the school here involved, and such act was independent of

the authority of the township trustee, and entirely beyond his control. The law delegating this authority to the board of health was in force at the time the contract involved was entered into, and it must be deemed to have been made with reference to the law. The law of the land is a part of every contract. It is the rule that when the performance of a contract becomes impossible, nonperformance is excused, and no damages can be recovered. After the contract was entered into, and when the exigency arose, the health board, in the exercise of the police power delegated to it, closed the school, and the contract, for the time that the order was in force, was impossible of performance, and hence unenforceable, and there could be no recovery for such time.

The judgment is reversed, with instructions to grant a new trial.