BRUCK ET AL. *v.* STATE EX REL. MONEY

[No. 28,626.   Filed March 30, 1950.]

*G. R. Redding* and *Dan R. Winchell*, of Indianapolis; *Baker & Daniels* (of counsel), of Indianapolis, for appellants.

*Bell & Bell*, of Indianapolis, for appellee.

GILKISON, J.—Relator filed his amended complaint in two paragraphs in the court below.

In paragraph I he avers in substance as follows: That he was born May 10, 1880. That he accepted the

provisions and privileges of Chapter 256 of the Acts of the General Assembly of Indiana 1921, known as the Indiana State Teachers' Retirement Fund Law, on July 1, 1927; and thereafter accepted the provisions of: Chapter 328, Acts of 1945, December 26, 1946; Chapter 353, Acts of 1947, June 21, 1948; Chapter 130, Acts of 1949, June 10, 1949.

That he entered into a teaching contract with the Board of School Commissioners of the City of Indianapolis September 1, 1916, and has taught school under teaching contracts for the School City of Indianapolis continuously since, to and including the school year 1948-1949. That as a part of such continuous service he taught for five years immediately prior to the passage of Chapter 97, Acts of 1927, and immediately thereafter, entered into contract for further teaching service with such board, and thereby became a permanent teacher, vested with an indefinite contract and right to a definite contract. That such indefinite contract never has been cancelled, and is now in full force and effect.

That the indefinite contract is evidenced by annual written contracts, all within the knowledge of defendants. A copy of the annual written contract for the year 1948-1949 is attached marked "Exhibit A."

That no attempt has been made by defendants to cancel relator's indefinite contract. That on May 25, 1949, a written notice of termination of employment was mailed to relator by Virgil Stinebaugh, Superintendent of Schools of Indianapolis, a copy of which is attached and marked "Exhibit B."

Relator has demanded a definite contract and teaching contract for the school year 1949-1950. That ever since May 1, 1949 and now relator is ready, willing, able, properly licensed and in all ways qualified to teach, to receive a contract and an assignment for a teaching

position and has offered his services to the time of filing this complaint. That defendants have failed, refused and neglected to give relator a contract and assignment to teach in the School City of Indianapolis for the school year 1949-1950. That relator's compensation for the year 1949-1950 under the salary schedule adopted would be $4800 and relator has been damaged by reason of the facts alleged in the sum of $6,000.

Prayer that a mandate issue commanding defendants to enter into a definite contract with relator to teach in the School City of Indianapolis for the school year 1949-1950, or in lieu thereof that relator recover damages in the sum of $6000 and all other proper relief.

In paragraph II of complaint relator makes similar averments as in paragraph I except he does not claim that he now has an indefinite contract with defendants that is now in full force and effect. On the contrary he avers that he entered into a written contract with the defendants to teach in the public schools of the City of Indianapolis for the school year 1948-1949, ending June 30, 1949, for an agreed sum, and that said contract was duly performed by each of the parties. A copy of the contract is attached marked "Exhibit A." That by virtue of his contract with defendants for the school year 1948-1949 and its performance relator became a teacher in the public schools of the city and entitled to all the rights and privileges granted to a public school teacher not possessing the rights of permanent teacher as defined in Chapter 97 of the Acts of 1927 and acts amendatory thereof. That relator was not notified by the School City of Indianapolis on or before May 1, 1949, in writing delivered in person or mailed to him at his last and usual known address by registered mail, that his contract would not be renewed for the succeeding year. That

relator did not deliver or mail by registered mail to the Board of School Commissioners of the City of Indianapolis his written resignation as a teacher in the schools of the School City of Indianapolis; nor was relator's contract for the school year 1948-1949 superseded by another contract between the parties.

That relator is entitled to have his 1948-1949 contract to teach renewed and continued in full force and effect for the school year 1949-1950 on the same terms and for the same wages plus any increase as provided by Chapter 101 of the Acts of 1907, and acts amendatory thereof, known as the Teachers' Minimum Wage Law, plus any increase due as provided by any salary schedule adopted by the School City of Indianapolis, effective for the school year 1949-1950.

Relator then avers his qualification and willingness to teach, the refusal of defendants to give him a contract to do so; that his compensation as a teacher under the salary schedule as adopted for the school year 1949-1950 is $4800, and he is injured in sum of $6000 by reason of defendants' refusal to give him a teaching contract for such year.

Prayer for mandate against defendants commanding them to enter into a definite contract with relator for school year 1949-1950 or in lieu thereof that he recover damages of $6000 and all proper relief.

A general demurrer filed to the first paragraph of amended complaint was sustained. Relator elected to stand thereon, refused to plead further, and judgment was rendered against him.

For the alleged error in sustaining this demurrer, appellee files cross-error herein.

A general demurrer filed to the second paragraph of amended complaint was overruled, defendants refused to plead further, elected to stand on their de-

murrer, and judgment was rendered against them thereon. From this judgment the appeal is taken.

By the assignment of cross-error we are required to determine the sufficiency of paragraph I of the amended complaint and by the appeal we are required to determine the sufficiency of paragraph II of the amended complaint.

With respect to the first paragraph of amended complaint it will be noted that relator became a permanent teacher with an indefinite contract of appellant school corporation upon the execution of his teacher contract for the school year 1927-1928 agreeable with § 1, ch. 97, Acts of 1927, page 259 (Section 28-4307, Burns' 1948 Replacement without the 1933 amendment contained therein). In 1933 Sec. 1 was amended so far as applicable to this case thus:

"... Such an indefinite contract shall remain in force until such permanent teacher shall have reached the age of sixty-six years unless succeeded by a new contract signed by both parties or unless it shall be cancelled as provided in section 2 of this act. ..." Acts of 1933, Ch. 116, § 1, p. 716.

By Section 2 of the Act, (§ 28-4308, Burns' 1948 Replacement) the school corporation may cancel the indefinite contract, after notice and hearing, for incompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teaching positions or other good and just cause, but may not cancel it for political or personal reasons. Under this statute, if the teacher should become incapacitated by reason of old age, sickness in body or mind, or for any other good and just cause the school corporation may cancel the indefinite contract. No question is presented as to a cancellation of the contract under Section 2 of the Act, there being no such cancellation.

It is contended that the 1933 amendment above noted does not apply to relator's status as a permanent teacher with an indefinite contract which became effective with the execution of his definite written contract with appellant to teach for the school year 1927-1928.

Among the powers denied to states are the following:

"[1] No state shall . . . pass any bill of attainder, ex post facto law, *or law impairing the obligation of contracts,* or grant any title of nobility." (Our italics). U. S. Constitution, Art. 1, § 10.

Art. 1, § 24 of the Indiana Constitution provides:

"No ex post facto law, *or law impairing the obligation of contracts, shall ever be* passed." (Our italics).

The obligations of a valid contract are protected by both the State and Federal Constitutions. *Heath* v. *Fennig* (1942), 219 Ind. 629, 632, 40 N. E. 2d 329; *State ex rel. Cunningham* v. *Helms et al.* (1893), 136 Ind. 122, 133, 35 N. E. 893, and cases cited; *Edward* v. *Jagers et al.* (1862), 19 Ind. 407, 413; *Johnson* v. *The Board of Commissioners of Randolph County* (1894), 140 Ind. 152, 157, 39 N. E. 311.

"If a contract is valid when executed, which contemplates the lapse of several years before all its terms are carried out, it must be held to remain valid and enforceable to the end, under the laws in force at the time of its execution, no matter what changes the law has undergone in the lifetime of the contract." *Security Savings, etc. Assn.* v. *Elbert* (1899), 153 Ind. 198, 204, 54 N. E. 753; *State ex rel. Cunningham* v. *Helms et al.* (1893), 136 Ind. 122, 133, 35 N. E. 893, *supra; Bowlby* v. *Kline* (1902), 28 Ind. App. 659, 662, 63 N. E. 723.

There can be no question that in Indiana the status of permanent teacher with an indefinite contract is based wholly upon contract and when this status was created by a contract under Section 1, Ch. 97, page 259, Acts of 1927, as in the instant case, it cannot be impaired by future legislation except in a proper exercise of the police power of the state. This is conceded by the parties, and appellants insist that that part of the amendment of 1933, heretofore copied in this opinion is but a valid exercise of the police power of the state and that it applies to permanent teachers with indefinite contracts whose rights became established prior to the enactment of the statute. This requires that we determine whether the amendment noted is an exercise of police power by the state, or merely a limitation on the power to contract *in futuro*. If the former it will apply to relator's rights as a permanent teacher with an indefinite contract; if the latter it will not apply.

We recognize the impossibility of fully defining the police powers of a state. 11 Am. Jur., Constitutional Law, § 246, p. 970; 16 C. J. S., Constitutional Law, § 175, Cl. b, p. 541; 12 C. J., Constitutional Law, § 416, p. 908. Reasonable limits of this power have been stated thus:

> "Police power is the power inherent in a government to enact laws, within constitutional limits, to promote the order, safety, health, morals, and general welfare of society. As applied to the powers of the states of the American Union, the term is also used to denote those inherent governmental powers, which, under the federal system established by the constitution of the United States, are reserved to the several states." 16 C. J. S., Constitutional Law, § 174, p. 537.

We adopt the above statement as a reasonable rule by which to test the involved 1933 amendment to the Indiana Permanent Teachers Law of 1927 with respect to those teachers whose permanent status became fixed under the 1927 statute.

Does the involved amendment have a tendency to promote either the order, safety, health, morals or general welfare of society? Appellant does not contend that it promotes the order, safety, morals or health of society, but that it does promote its general welfare. The reason for this contention as given by appellant is that "the termination of indefinite contracts at age 66 has a reasonable basis in that reasonable men may conclude that teachers past that age are, as a group, less well qualified to teach in the public schools than are younger teachers." This is a true statement of the law applicable when considering the reasonableness of a classification for the purpose of legislation. *State* v. *Griffin* (1948), 226 Ind. 279, 79 N. E. 2d 537, 541, and authorities there cited. But that question is not before us in this case. The only question before us is, does the involved amendment as an exercise of the police power of the state promote public order, safety, health, morals or the general welfare so that it may affect and impair a contract that became effective nearly six years before the amendment was enacted? A careful examination of the amendment fails to disclose that it has any relation to promoting public order, safety, health, morals or the general welfare so as to make it a permissible exercise of the police power by the state. Our courts have consistently held that the methods or means used to protect public order, health, morals, safety or welfare must have some reasonable relation to the end in view. *Kirtley* v. *State* (1949), 227 Ind.

175, 84 N. E. 2d 712, 715; *Weisenberger* v. *State* (1931), 202 Ind. 424, 428, 429, 175 N. E. 238; *Blue* v. *Beach et al.* (1900), 155 Ind. 121, 131, 56 N. E. 89, 93, 50 L. R. A. 64, 80 Am. St. Rep. 195; *State Board of Barber Examiners* v. *Cloud* (1942), 220 Ind. 552, 562, et seq., 44 N. E. 2d 972; *State ex rel. Anderson* v. *Brand, Trustee* (1937), 303 U. S. 95, 109, 82 L. Ed. 685, 695.

We do not think it was the intent of the legislature in enacting this amendment to exercise the state's police power. On the contrary it intended to change the contract rights of all persons thereafter becoming "permanent teachers with indefinite contracts," by limiting the enforceable period of the indefinite contract until such permanent teacher reached the age of sixty-six years, that, of course it had a right to do. *State ex rel. Anderson* v. *Brand, Trustee* (1937), 303 U. S. 95, 109, 82 L. Ed. 685, 695, *supra*. But this statute would not affect the rights of persons who by contract had become permanent teachers with an indefinite contract in 1927, agreeable with the law enacted that year. (Acts of 1927, § 1, ch. 97, p. 259). *State ex rel. Anderson* v. *Brand, Trustee*, 303 U. S. 95, 104, 82 L. Ed. 685, 692, *supra*. This court has heretofore held that the state may make a contract that certain conditions stated shall continue in force for a definite period of time without interference on the part of the state. "By such a contract the state abdicates and relinquishes its power to prescribe conditions, or to regulate practices . . ., as the case may be, so far as the other party to the contract is concerned, to the extent evidenced by the express terms of the contract and for the period specified therein. During that period of time the state can not exercise its power to change conditions . . . to the detriment of the other party to the contract, without the consent

of such other contracting party. Any effort on the part of the state to do so would be ineffective, for the reason that such action would have the effect to impair the obligations of contract within the meaning of Art. 1, § 10 of the federal Constitution." (authorities). Of course, the state may never abdicate or contract away its right and duty to exercise its police powers. *Central Union Tel. Co.* v. *Indianapolis Tel. Co.* (1919), 189 Ind. 210, 220, 126 N. E. 628; *Greensburg Water Co.* v. *Lewis* (1920), 189 Ind. 439, 452, 128 N. E. 103; *City of Washington* v. *Public Service Commission* (1921), 190 Ind. 105, 109, 129 N. E. 401; *Connersville, etc. Co.* v. *City of Connersville* (1930), 95 Ind. App. 234, 248, 173 N. E. 641; *Downing et al.* v. *The Indiana State Board of Agriculture* (1891), 129 Ind. 443, 28 N. E. 123, 28 N. E. 614.

Moreover this court has declared that the Teachers' Tenure Act in question is based upon the public policy of protecting the educational interests of the state and that the act should be construed liberally to effect its general purpose since it is legislation in which the public at large is interested. *State ex rel. Clark* v. *Stout, Trustee* (1933), 206 Ind. 58, 64, 187 N. E. 267; *School City of Lafayette* v. *Highley* (1938), 213 Ind. 369, 376, 12 N. E. 2d 927; *The Board of Commissioners of Vigo County* v. *Davis et al.* (1894), 136 Ind. 503, 511, 36 N. E. 141.

Appellant insists that a similar question has been presented and determined against appellee's position in the following cases. *Campbell* v. *Aldrich* (1938), 159 Ore. 208, 79 P. 2d 257; *Malone* v. *Hayden* (1938), 329 Pa. St. 213, 197 Atl. 344; *Taylor* v. *Board* (1939), 31 Cal. App. 2d 734, 89 P. 2d 148; *Groves* v. *Board* (1937), 367 Ill. 91, 10 N. E. 2d 403; *Morrison* v. *Board* (1941), 237 Wis. 483, 297 N. W. 383.

However, the opinions of the cases cited from Oregon, California, Illinois and Wisconsin are clear in stating that in each of those states teacher tenure status is wholly statutory and not contractual. In this they are each clearly distinguished from teacher tenure status in Indiana. In Indiana teacher tenure is wholly contractual. *State ex rel. Anderson* v. *Brand, Trustee,* 303 U. S. 95, 101, 82 L. Ed. 685, 691, *supra; The City of Crawfordsville* v. *Hays* (1873), 42 Ind. 200, 210; *Charlestown School Twp.* v. *Hay* (1881), 74 Ind. 127; *Harrison School Township* v. *McGregor* (1884), 96 Ind. 185; *Kiefer* v. *Troy School Township of Perry County* (1885), 102 Ind. 279, 1 N. E. 560; *Sparta School Township of Dearborn County* v. *Mendell* (1894), 138 Ind. 188, 37 N. E. 604; *The School City of Lafayette* v. *Bloom* (1897), 17 Ind. App. 461, 46 N. E. 1016; *Henry School Tp.* v. *Meredith* (1904), 32 Ind. App. 607, 70 N. E. 393; *Gregg School Township* v. *Hinshaw* (1921), 76 Ind. App. 503, 132 N. E. 586, 17 A. L. R. 1222.

The decision in *Malone* v. *Hayden* (1938), 329 Pa. St. 213, 197 Atl. 344, was determined largely upon the proposition that the relation between the teacher and his employer school board was only a qualified contractual status, subject to determination of its operation by subsequent statutory changes. (Page 228). It was there held that the legislature had expressly recognized the qualified nature of the teacher's contract by the enactment of certain statutes which became a part of the contract sued upon, and that such statutes are broad enough to include future amendments, and indicate the intention of the parties to submit their relationship to legislative change. This rule cannot apply here for as before stated, in Indiana teachers' tenure is wholly contractual. *State ex rel. Anderson* v. *Brand, Trustee,* 303 U. S. 95, 101, 82 L. Ed. 685, 691, *supra.*

Relator's complaint affirmatively avers that he accepted the terms of paragraph (d), § 2, ch. 328, p. 1514, Acts of 1945, December 26, 1946; and further shows that he accepted the 1947 amendment thereof, paragraph (d), § 1, ch, 353, page 1415, Acts of 1947, June 21, 1948; and the 1949 amendment thereof paragraph (d), § 1, ch. 130, page 348, Acts of 1949, June 10, 1949; (§ 28-4506, Burns' 1948 Replacement [1949 Supp.]) which provides as follows:

"... Every teacher who is employed to teach in the public schools of this state and who avails himself of and accepts the provisions and privileges of this act or any act of which this act is amendatory, shall, by virtue of such acceptance, agree that (1) after July 1, 1950, when such teacher shall have attained the full age of sixty-six (66) years, he shall not be employed to teach and shall not be eligible to continue to teach in any of the public schools of any school corporation of this state, and (2) that such teacher will be ineligible to enter into any contract with any school corporation to teach in any of the public schools thereof. If any person who is employed to teach in the public schools of any school corporation shall attain the full age of sixty-six (66) years prior to the expiration of any school year for which he has been employed to teach, such person shall be eligible to complete such school year notwithstanding the fact that he has attained the full page of sixty-six (66) years prior to the expiration of such school year."

By the acceptance of the terms of these various provisions, relator agreed that he should be ineligible to further employment as a teacher after July 1, 1950, thereby giving up all his rights as a permanent teacher with an indefinite contract, after that date. But his right to employment as a permanent teacher with an indefinite contract was expressly tolled by the several

statutes successively to July 1, 1947; July 1, 1949 and July 1, 1950. Relator, therefore, was entitled to employment by appellants as a permanent teacher with an indefinite contract for the school year 1949-1950, and it was error to sustain the demurrer to the first paragraph of his complaint.

As before noted in paragraph 2 of his complaint, relator bases his claim to re-employment for the school year 1949-1950, upon the alleged fact that he was regularly employed by appellants for the school year 1948-1949 and performed his contract faithfully for that school year. That he was not notified in writing by appellants on or before May 1, 1949; that his contract would not be renewed for the succeeding year; that he did not resign as a teacher; and his 1948-1949 contract was not superseded by another contract all as provided by Section 28-4321, Burns' 1948 Replacement (Acts of 1939, ch. 77, § 1, p. 457; Acts of 1941, ch. 130, § 1, p. 369). He avers and claims his right to re-employment by virtue of that statute, because of said facts. In this paragraph he makes no claims as a permanent teacher with an indefinite contract. The theory of this paragraph is, therefore, clear.

In this jurisdiction the rule is that where a plaintiff has a single right of recovery that may rest upon one ground or another, according to the facts to be shown by the evidence, and he cannot safely foretell the precise nature and limits of the defendant's liability to be developed upon the trial, he may state his right of action variously in different paragraphs and go to trial on all of them, and recover only on such paragraph or paragraphs as the evidence will warrant. Inconsistent causes of action may be found in separate paragraphs. 1 Watson's Rev., *Works' Practice & Forms,* § 468; 1 Lowe's Rev., *Works' Indi-*

*ana Practice* 487, § 13.65; *Snyder* v. *Snyder* (1865), 25 Ind. 399, 401; *McMasters* v. *Cohen* (1854), 5 Ind. 174; *Stearns* v. *Dubois* (1876), 55 Ind. 257, 260, 261; *Knickerbocker Ice Co.* v. *Gray* (1908), 171 Ind. 395, 402, 84 N. E. 341; *Caviness* v. *Rushton, Admr.* (1885), 101 Ind. 500, 503; § 2-301, Burns' 1946 Replacement.

The second paragraph of amended complaint ▮ states facts sufficient to constitute a cause of action upon the theory it is presented.

The judgment rendered on the second paragraph of amended complaint is, therefore, affirmed.

For the reasons given the judgment rendered on the first paragraph of amended complaint is reversed with instructions to overrule the demurrer to that paragraph.

Young, J., absent.

Emmert, J., concurs in results.

NOTE.—Reported in 91 N. E. 2d 349.