Elwood WENCKE, Appellant
(Plaintiff Below),

v.

CITY OF INDIANAPOLIS, Eugene Gallagher, Chief of the Indianapolis Police Department, and Donald Adams, Lieutenant in charge of Personnel of the Indianapolis Police Department, Appellees (Defendants Below).

No. 2–681A203.

Court of Appeals of Indiana,
Second District.

Dec. 29, 1981.

Rehearing Denied Feb. 18, 1982.

William A. Hasbrook, Ruckelshaus, Roland & O'Connor, Indianapolis, for appellant.

Richard S. Ewing, Chief Litigation Counsel, Susan L. Macey, Asst. Corp. Counsel, John P. Ryan, Corp. Counsel, Indianapolis, for appellees.

SHIELDS, Judge.

Elwood Wencke appeals the decision of the trial court denying his petition to enjoin enforcement of the Indianapolis Police Department's mandatory retirement age of 65. He raises the following issues on appeal:

1) whether application of a mandatory retirement age of 65 to Wencke violated the constitutional prohibition against impairment of contracts;

2) whether the Indianapolis Police Department is estopped from enforcing a mandatory retirement age of 65;

3) whether the trial court erred in admitting expert testimony concerning the fitness of 65 year old police officers to serve on the Indianapolis Police Department; and

4) whether the mandatory retirement age of 65 as applied to Indianapolis police officers violates the Federal Age Discrimination Act.

Because the disposition on Wencke's first issue requires reversal of the trial court's decision, we do not address his additional allegations of error.

Reversed and remanded.

Elwood Wencke, born March 31, 1915, was employed by the Indianapolis Police Department as a Field Sector Lieutenant. He was first appointed to the department on June 16, 1946. At the time of his appointment the mandatory retirement age of Indianapolis police officers was 70 years. I.C. 19-1-1-1 (now repealed) provided in pertinent part:

"The board of public safety of every city of the first class shall hereafter appoint originally as regular members of the fire or police departments of such city only persons whose age at the time of such appointment does not exceed thirty-five [35] years:

* * * * * *

"The board shall also have authority to retire from service any policeman or fireman, of either sex, who has reached the age of seventy (70) years, regardless of physical condition or any other reason . . ." (emphasis added)

This provision was not expressly repealed by our legislature until 1981.

In 1970, however, the legislature enacted the "Consolidated First Class Cities and Counties Act" which reorganized the local municipal and county government in Marion County, thus eliminating the overlapping

jurisdictions of various county and municipal boards and departments. I.C. 18–4–1–1—18–4–15–2 (now repealed). Chapter 12 of that act specifically provides for the organization and operation of the Department of Public Safety of the Consolidated City of Indianapolis. Because the act did not contain any provision concerning the mandatory retirement of Indianapolis police officers, I.C. 19–1–1–1 apparently remained the operative statute governing the mandatory retirement of policemen. Then, in 1975, the legislature added I.C. 18–4–12–20.5 (now repealed) to the Unigov Act which lowered the mandatory retirement age to 65. It provided:

"A member of the police force shall be required to retire from the force no later than the day of his sixty-fifth birthday."

Wencke was notified by the City he was to be officially retired from the police department pursuant to I.C. 18–4–12–20.5 effective March 31, 1980, his sixty-fifth birthday. The City acknowledged Wencke was physically and mentally fit and that he satisfactorily performed his duties as a field sector lieutenant. His retirement, however, was mandated by the City in accordance with the statute.

Wencke contends the application of I.C. 18–4–12–20.5 in the present case impairs a contractual obligation and runs afoul of the contract clause of both the United States and Indiana Constitutions. U.S.Const. Art. 1 § 10; Ind.Const. Art. 1 § 24. He asserts I.C. 19–1–1–1, which was in effect at the time he was appointed to the department and which had not been *expressly* repealed at the time this action was initiated, should govern.

As a general rule, two statutes dealing with the same subject matter should be read together and, if possible, construed so as to give effect to each. *Matter of Lemond*, (1980) Ind., 413 N.E.2d 228. However, where two statutes are in irreconcilable conflict the earlier statute will be implicitly repealed and the later statute will govern. *State ex rel. Indiana State Bd. of Finance v. Marion County Superior Court, Civil Division*, (1979) Ind., 396 N.E.2d 340.

In the instant case, I.C. 18–4–12–20.5 and 19–1–1–1 are in direct conflict regarding the mandatory retirement age applicable to police officers of the Consolidated City. Therefore, we conclude by the adoption of I.C. 18–4–12–20.5 our legislature manifested its intent to repeal I.C. 19–1–1–1 and lower the mandatory retirement age to 65.

It is well settled that the power to enact statutes and ordinances has as a necessary incident the power to repeal. The General Assembly may not by any enactment limit the rights of future General Assemblies. *Hamilton County Council v. State ex rel. Groff*, (1949) 227 Ind. 608, 87 N.E.2d 810. This power to repeal, however, is subject to constitutional restrictions such as the prohibition against impairment of contracts. If, in the instant case, the enactment of I.C. 18–4–12–20.5 impermissibly impaired a contractual obligation owed Wencke, I.C. 19–1–1–1 will govern.

We agree that in Indiana police are employees and their relationship with the City is strictly contractual. *State ex rel. Palm v. City of Brazil*, (1947) 225 Ind. 308, 73 N.E.2d 485, 74 N.E.2d 917; *Foley v. Consolidated City of Indianapolis*, (1981) Ind.App., 421 N.E.2d 1160. The terms and conditions of the contract include the relevant statutory provisions which exist at the time the contract is made as if such provisions were expressly incorporated. *Evansville-Vanderburgh School Corporation v. Moll*, (1976) 264 Ind. 356, 344 N.E.2d 831; *Foley*, 421 N.E.2d at 1163. For example, this court has previously determined that a contract of employment with a police officer included a statutory provision concerning minimum compensation. *Kirmse v. City of Gary*, (1944) 114 Ind.App. 558, 51 N.E.2d 883. *See also Bruck v. State ex rel. Money*, (1950) 228 Ind. 189, 91 N.E.2d 349.

In the present case the mandatory retirement age provided by statute at the time Wencke entered the police department (age 70) was, therefore, incorporated into Wencke's contract of employment. The attempt by the City to apply the present age limit of 65 to a contract made before the

effective date of I.C. 18–4–12–20.5 impairs a contractual obligation assumed by the City. *Evansville-Vanderburgh School Corp. v. Moll; Bruck.*

 A retrospective application of a statute to a contract entered into before the effective date of that statute can impair contractual obligations contrary to both the United States and Indiana Constitutions. U.S.Const. Art. 1 § 10; Ind.Const. Art. 1 § 24. There are, however, exceptions to the general rule. The prohibition against impairment of contracts is not an absolute one. The contract clause of either constitution does not restrict the exercise of the state's police power to protect the public health, safety, and welfare. *Finerty v. State ex rel. School City of Gary,* (1938) 213 Ind. 470, 12 N.E.2d 941. In order to justify the impairment of a contractual obligation, there must be a necessity for the legislation and the legislation must be reasonable under the circumstances. *In re La Fortune,* (9th Cir. 1981) 652 F.2d 842.

 There is no evidence the legislature intended by the enactment of I.C. 18–4–12–20.5 to exercise the state's police power, nor does the City establish the legislation is necessary to promote the public order, safety, health, or general welfare of the community. While testimony was presented at trial concerning the physical attributes of 65 year old police officers and the potential effect their physical condition may have on their performance as *street officers,* such evidence did not establish the public safety or the public welfare would be imperiled by continued employment. For example, no evidence was presented to indicate the older members of the department could not perform available less stressful duties. In addition, for many years the mandatory retirement age for Indianapolis police officers was age 70 and the record fails to reveal the public suffered significant hardships. Moreover, in the event an officer is rendered physically or mentally incapacitated there are measures available which may be invoked to ensure he is removed from active duty.

We thus conclude the application of I.C. 18–4–12–20.5 to Officer Wencke violated the contract clauses of both the federal and state constitutions.[1] As our Supreme Court stated:

> "This court has heretofore held that the state may make a contract that certain conditions stated shall continue in force for a definite period of time without interference on the part of the state. 'By such a contract the state abdicates and relinquishes its power to prescribe conditions, or to regulate practices * * *, as the case may be, so far as the other party to the contract is concerned, to the extent evidenced by the express terms of the contract and for the period specified therein. During that period of time the state cannot exercise its power to change conditions * * * to the detriment of the other party to the contract, without the consent of such other contracting party. Any effort on the part of the state to do so would be ineffective for the reason that such action would have the effect to impair the obligation of contract within the meaning of Art. 1, § 10, of the federal constitution.' (Authorities.)"

*Bruck,* 91 N.E.2d at 353.

The decision of the trial court is therefore reversed and the action remanded for entry of judgment consistent with this opinion.

BUCHANAN, C. J., and SULLIVAN, J., concur.

---

1. We do not, of course, mean to imply that I.C. 18–4–12–20.5 is constitutionally infirm on its face or that application of the statute to officers hired subsequent to its effective date would be unconstitutional. Quite the contrary, mandatory retirement ages for police officers have previously been upheld against constitutional challenges. *Massachusetts Bd. of Retirement v. Murgia,* (1976) 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520.