**David WILLIAMS, Appellant (Plaintiff Below),**

v.

**STATE of Indiana, City of Indianapolis, Indianapolis Police Department and Indiana State Police Department, Appellees (Defendants Below).**

**No. 4–1081A150.**

Court of Appeals of Indiana, Fourth District.

Jan. 31, 1983.

Rehearing Denied April 25, 1983.

---

Robert C. Rothkopf, Andrew Jacobs, Sr., Haggerty, Haggerty & Kias, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Charles N. Braun, II, Deputy Atty. Gen., Indianapolis, for appellee State of Ind.

John P. Ryan, Thomas J. Campbell, Richard S. Ewing, Indianapolis, for appellee City of Indianapolis.

YOUNG, Presiding Judge.

Appellant David Williams appeals from a judgment dismissing his amended complaint which sought compensation for property alleged to have been taken by the State. Williams argues on appeal that the police department's retention of his vehicle during the pendency of an undercover police investigation constituted a "taking" under the Indiana Constitution Article 1, Section 21. Therefore, he contends, his amended complaint stated a claim upon which relief could be granted and the trial court erred in sustaining a motion to dismiss.

We affirm.

The facts alleged in Williams's amended complaint relevant to the issue raised are as follows: Williams owned a 1979 Ford Bronco which was stolen on May 26, 1980. Undercover police officers, purchasing stolen vehicles as a part of an on-going investiga-

tion of vehicle thefts, bought Williams's vehicle the morning following its theft. At the time of the purchase the officers made no arrest. Neither did they notify Williams of their recovery of his vehicle. To avoid disclosing the undercover operation they retained the vehicle for a period of five months after which the investigation terminated and the vehicle was returned.

Williams filed this suit for inverse condemnation for the rental value of his vehicle, depreciation, and other consequential damages. Defendants filed a motion to dismiss pursuant to Ind.Rules of Procedure, Trial Rule 12(B)(6). The court entered judgment dismissing the complaint for failing to state a claim upon which relief could be granted.

In reviewing a T.R. 12(B)(6) dismissal, we view the complaint in the light most favorable to the plaintiff and with every inference drawn in his favor. *Parker v. State,* (1980) Ind.App., 400 N.E.2d 796. A complaint is subject to dismissal only if it is clear from the *face* of the complaint that under no circumstances could relief be granted. *State v. Rankin,* (1973) 260 Ind. 228, 294 N.E.2d 604.

Williams contends the court erred in dismissing his complaint because under the allegations of his complaint, his vehicle was taken for public use without compensation in violation of Article 1, Section 21 of the Indiana Constitution.[1] He claims the retention of his vehicle constituted a constitutional "taking" because law enforcement is a public function and the public received the benefit of the undercover operation. Therefore, he stated a claim of inverse condemnation for which relief can be granted. The State and City counter arguing that no claim has been stated because the operation was a proper exercise of its police powers. Indiana recognizes that a "taking" includes

any substantial interference with private property which destroys or impairs one's free use and enjoyment of the property or one's interest in the property, *State v. Stefaniak,* (1968) 250 Ind. 631, 238 N.E.2d 451. However, a distinction must be drawn between a tortious invasion of one's property rights and an appropriation of sufficient magnitude to amount to a taking. *See Harris v. United States,* (8th Cir.1972) 467 F.2d 801.[2] In the present case, the State did not seize the possession of the property from the owner. Rather it came into possession through a purchase from a thief. The police came into possession through a lawful investigation and retained it only for the duration of the investigation. The government's action did not initiate the interference but continued it temporarily. We do not find this retention to be a confiscatory action or an appropriation of sufficient magnitude to require compensation under the Constitution.

Neither is the retention an exercise of police powers. We first recognize the impossibility of fully defining police powers. *Bruck v. State ex rel. Money,* (1950) 228 Ind. 189, 91 N.E.2d 349. However, the term generally concerns the power inherent in government to enact laws, within constitutional limits, to promote the order, safety, health, morals, and general welfare of society. *Id.* Police power, accordingly, operates in the field of legislation except possibly in some cases of emergency. *Rose v. California,* (1942) 19 Cal.2d 713, 730, 123 P.2d 505, 515. The State can exercise its police power to enact laws to control the use of property because the uncontrolled use would be harmful to the general welfare. *See Foreman v. State ex rel. Department of Natural Resources,* (1979) Ind.App., 387 N.E.2d 455. But, as Williams notes,

---

1. The Indiana Constitution, Art. 1, § 21 provides:

   "No man's particular services shall be demanded, without just compensation. No man's property shall be taken by law, without just compensation; nor, except in case of the State, without such compensation first assessed and tendered."

2. In *Harris,* the court considered the flooding of the plaintiff's property by the government and noted that the government is not liable under the Fifth Amendment for "consequential damages" arising from the carrying on of its lawful activities.

Indiana has no statute or law providing for the retention of property under the circumstances alleged.[3] Neither, do we have any allegation of an emergency. Therefore, the police were not acting pursuant to any specific exercise of the legislature's police powers in that no statute explicitly covers this situation.

 The State and City argue that the police were acting pursuant to the legislature's exercise of its police power because of the statutory imposition of the duties of police to prevent and detect offenses, to enforce laws, and to protect the rights of persons and property, see I.C. 10–1–1–10. This argument, however, must fail in view of I.C. 9–9–1.6–7 (now I.C. 9–9–1.1–4(a)). This statute provides in part:

> When any officer discovers any vehicle which is in the possession of any person other than the legal owner and such person cannot establish his right to the possession of such vehicle, the vehicle shall be taken to and stored in a suitable place. The bureau shall be notified within seventy-two (72) hours of the location and description of the vehicle. Upon receipt of notification the bureau shall cause a search to be made for the legal owner in the manner set forth in subsection 11(a) and (b) of this chapter.

We believe this statute controls the recovered stolen vehicle situation. The legislature has given the authority to police to investigate and detect crimes and to prevent offenses. The undercover operation comes within this authority. However, the legislature has also indicated its intention that recovered stolen vehicles are to be reported to the bureau within seventy-two hours and are to be returned to the legal owners after the bureau searches the record and identifies the owners. I.C. 9–9–1.6–11 (now repealed; see I.C. 9–9–1.1–6(b) and (c) for current law). It, therefore, appears the retention of the vehicle beyond the seventy-two hours and the time necessary to search

the records to identify the owner and then notify him constituted a breach of a specific statutorily imposed duty or a tortious invasion of the plaintiff's property rights. However, because Williams argued to the court that his theory was not in tort and he does not argue he stated a tort claim to us, we affirm the trial court's dismissal.

Affirmed.

MILLER and CONOVER, JJ., concur.

---

**3.** The property was not retained as evidence pursuant to I.C. 35–1–6–5.1 (now repealed, see I.C. 35–33–5–5 for current law) which permitted the retention of evidence seized pursuant to an arrest, search warrant or warrantless search while a case or investigation is pending. Neither was it retained pursuant to our forfeiture statute. See I.C. 34–4–30.1–1 et seq.