In the Matter of the Application of PUBLIC LAW 16–1995 and its application to the retirement of the Honorable Clarence Bolden.

No. 94S00–9904–MS–221.

Supreme Court of Indiana.

June 4, 1999.

James H. Voyles, Dennis E. Zahn, Indianapolis, Indiana, Attorneys for Honorable Clarence Bolden.

Margaret W. Babcock, Indianapolis, Indiana, Attorney for Commission on Judicial Qualifications.

PER CURIAM.

On March 18, 1999, the Honorable Clarence Bolden, a judge of the Marion superior court, sent a letter to the Attorney General of Indiana requesting an opinion about

whether the mandatory retirement age requirements of Ind.Code ·§ 33–5.1–2–25 applied to him. The question was ultimately referred to this Court. Article VII, Section 4 of the Indiana Constitution gives the Indiana Supreme Court original jurisdiction over, among other things, the retirement of judges and justices in this State. We therefore assumed jurisdiction and issued an order inviting briefing on the question. Judge Bolden responded, as did the Indiana Commission on Judicial Qualifications. We now resolve the question presented by Judge Bolden.

Judge Bolden has been a member of the Marion County judiciary since 1970. Until 1996, Marion County had a dual system of courts consisting of fifteen superior court judges and sixteen municipal court judges. Judge Bolden had been a member of the municipal court. His term was scheduled to expire December 31, 1997.

However, Public Law 16–1995 eliminated the municipal courts and established a superior court system consisting of thirty-one judges. Ind.Code § 33–5.1–2–1. That law went into effect January 1, 1996. The legislature provided that the former municipal court judges would become judges of the superior court. In particular, the provision that applied to Judge Bolden stated:

> The six (6) judges whose terms as municipal court judges expires December 31, 1997, and who are serving as municipal court judges on that date, are entitled to serve as judges of the Marion superior court established under I.C. 33–5.1–2, as added by this act, until midnight December 31, 2000. The initial election of the judges under I.C. 33–5.1–2, as added by this act, is the general election held November 7, 2000. The persons elected take office January 1, 2001.

P.L. 16–1995, § 17(a)(5). Thus, Judge Bolden became a member of the Marion superior court by operation of P.L. 16–1995.

"A judge of the [Marion superior court] must retire upon becoming seventy-five (75) years of age." Ind.Code § 33–5.1–2–25(c)(in pertinent part). Judge Bolden turned seventy-five on March 30, 1999. Nevertheless, Judge Bolden claims he is exempted from the requirements of that statute because the legislation originally creating the old municipal courts did not have a provision for mandatory retirement, and the statute permitting him to serve in the superior court system, cited above, states that he is "entitled to serve as judge in the Marion superior court ... until midnight, December 31, 2000." P.L. 16–1995, § 17(a)(5)(in part). According to Judge Bolden, only his elected successors are subject to the mandatory retirement age. He asserts he is not obligated to retire until his term expires at the end of the year 2000.

We disagree. Section 17 of Public law 16–1995 simply established dates for the end of the terms of those municipal court judges who became superior court judges. All judicial terms are subject to certain qualifications and the "entitlement" referred to in section 17(a)(5) was not unqualified. Had Judge Bolden's license to practice law lapsed, for example, he could not argue he should be allowed to nevertheless continue to hold office until midnight, December 31, 2000. For these same reasons, when Judge Bolden took the office of superior court judge, he took it subject to any eligibility requirements, including being of an age less than seventy-five. Further, the retirement statute does not state that only *elected* judges of the court must retire at age seventy-five, but that "a judge of the court" must retire at that age. Ind.Code § 33–5.1–2–25(c).

The statute required that Clarence Bolden retire upon the occurrence of his seventy-fifth birthday.

All Justices concur except SULLIVAN J., who dissents with opinion.

SULLIVAN, Justice, dissenting.

In its 1995 session, the legislature passed Public Law 16–1995, commonly called the Unified Court Bill. This legislation created a unified Superior Court in Marion County. It set forth general conditions and qualifications for judges, including a mandatory retirement age. The statute provides that "[a] judge of the court must retire upon becoming seventy-five (75) years of age." Ind.Code 33–5.1–2–25(c) (P.L. 16–1995 § 7).

However, recognizing the special cases presented by former Marion Municipal Court judges who were to join the unified court, the legislature went beyond this language of general application. It inserted within P.L. 16–1995 specific provisions for these judges, providing them with specific terms as judges of the Superior Court. In relevant part, the statute provides:

> The six (6) judges whose terms as municipal court judges expire December 31, 1997, and who are serving as municipal court judges on that date, are entitled to serve as judges of the Marion superior court established under I.C. 33–5.1–2, as added by this act, until midnight December 31, 2000.

P.L. 16–1995 § 17(a)(5), effective July 1, 1995.

A well-established rule of statutory construction holds that where provisions of a statute conflict, the specific provision takes priority over the general provision. *Robinson v. Wroblewski*, 704 N.E.2d 467, 475 (Ind. 1998). I would hold that the specific language of P.L. 16–1995—which clearly vests Judge Bolden with an extended term on the superior court bench not to expire until December 31, 2000—controls over any application of the more general language of the act, and specifically exempts him from the general mandatory retirement age of 75 years "until December 31, 2000." *Cf. Wencke v. City of Indianapolis*, 429 N.E.2d 295, 298 (Ind.Ct.App.1981) (holding that mandatory retirement age of 70 years provided by statute at time officer entered police department was incorporated into officer's contract of employment, and application by city of a subsequent statutory age limit of 65 violated contract clauses of state and federal constitution).

For these reasons, I dissent.